# ELLEN S. STEVENS et al. v. G. W. FITZPATRICK et al.; FANNIE D. STEVENS and O. H. STEVENS, Appellants.

**Division One, March 31, 1909.**

1. **CROSS-BILL: No Reply: No Request for Judgment.** Where the defendants' cross-bill contains averments of fact which taken as confessed entitle them to judgment, it is their duty to ask the court for an entry of default against plaintiffs, if no reply to the cross-bill is filed.

2. **———: ———: No Sufficient Averment for Judgment.** A cross-bill averring the land belonged to William Stevens, that the title descended to his heirs, that defendant O. H. Stevens was one of said heirs, and that his wife "the said Fannie Stevens is a bona fide purchaser from Jacob Davis by lawful warranty deed, and without notice of any adverse claims of any parties thereto, and that she is a co-owner of said lands," but containing no statement to connect her alleged grantor Davis with the title, nor any statement that she paid a valuable consideration for the deed, does not contain a statement of facts upon which a judgment by default in her favor, there being no reply, could have been entered.

3. **———: ———: Ignored in Final Judgment.** Where the case was tried as if all the issues were joined, and evidence was introduced to sustain the cross-bill, though it did not state a cause of action and though the evidence fell short of sustaining its averments, the court did not err in a general finding of the issues in favor of plaintiffs and in making no mention of the cross-bill in the final judgment.

4. **QUIETING TITLE: Suit in Name of Real Parties.** Where the plaintiffs' testator, alleged to be the real owner in his lifetime, contracted for the sale of the land to a corporation, which has in part paid for it, and plaintiffs are interested in the balance not paid and also in the faithful performance of the contract, they are entitled to prosecute the suit to quiet the title and to have a decree vesting it in them as the devisees of said ancestor, and there is nothing in the point that the suit is not prosecuted in the name of the real parties in interest.

5. **MOTION TO ELECT: Quieting Title: To Restore Lost Deed: Misjoinder of Parties.** The petition in the first count alleged that the land was bought and paid for in 1881 by Edward, but for purposes of convenience the title was taken in his father William; that both were dead; that plaintiffs are Edward's widow and devisees; that Edward in his lifetime and plaintiffs since

have been in adverse possession for more than ten years; that Edward in his lifetime contracted for a sale of the land to one of the defendants, a corporation, and that a part of the consideration was paid, but he died before the sale was consummated; that William and his wife executed a deed conveying the land to Edward, that the deed was not recorded and is now lost, and that the other defendants are heirs of William, and asking that the title be quieted and adjudged to be in plaintiffs. The second count contained the same averments and asked that the lost deed be re-established. *Held*, first, that it is questionable whether the petition states more than one cause of action, but if it does the two causes grow out of the same transaction, and the court did not therefore err in overruling defendants' motion to require plaintiffs to elect upon which count they would stand; *second*, the other ground of the motion, that the defendants other than the corporation are not interested in the alleged contract of sale by Edward to the corporation, is in the nature of misjoinder of parties, and if there is any merit in it it ought to have been presented by a special demurrer; *third*, the plaintiffs were justified under the rules of good pleading in making the corporation a defendant, since by virtue of its contract with their testator it had an interest in the subject-matter, and had a right to take part in the litigation to restore the lost deed, both it and plaintiffs being willing to carry out the contract.

6. **RESULTING TRUST: Sufficient Pleading.** If Edward paid the purchase money for land and for purposes of convenience took the title deed in his father, in the absence of all evidence of intention, the law presumes a resulting trust, from the natural equity that he who pays the money for property ought to enjoy the beneficial interests. And a petition stating such facts states facts constituting a resulting trust.

7. ———: ———: **Lost Deed: Delivery.** A petition charging that William, in whose name the title was, executed and delivered a deed to Edward, the beneficial owner, sufficiently charged the delivery of the deed. The rules of good pleading do not require or permit that the petition state that William in person delivered the deed to Edward or that it was delivered by the hand of someone else by order of William.

8. ———: ———: **Proof: Motive.** Nor is the petition insufficient because it does not undertake to show why Edward, a lawyer and a man of wealth, should have taken the title deed to the land he bought in his father's name. Both being dead, Edward's widow and devisees could not know what his motive was, and hence they could neither allege nor prove it. But death of the party in whose name the title was taken does not prevent proof of the resulting trust by parol evidence, though of course it is a fact rendering it necessary for the chancellor to be more careful than otherwise in weighing the evidence.

9. ————: **Possession at Trial: Allegation: Proof.** Though the petition allege that plaintiffs were in actual possession when the suit was begun in 1904, that averment is not a vital one, if it is used in connection with another going to show their testator was in continuous possession and acts of ownership from the time of his purchase in 1881 down to the time of his death in 1902, for proof of the last averment made out plaintiff's case. Besides, the averment of actual possession is not contradicted by a showing that a defendant corporation was in possession at the time of the trial under a license from plaintiffs' testator by contract of sale.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*Frank Titus* for appellants.

(1)    The petition of plaintiffs herein does not contain allegations of fact sufficient to constitute a cause of action, or to warrant the decree rendered thereon in this cause. The petition fails to state the facts constituting the alleged trust or operating to cause the deed to William Stevens from Henry Smith to be a trust, the alleged purchaser E. A. Stevens being of full age and of sound mind, a lawyer by profession, a man of wealth and the owner of many lands. That no date of the execution of such alleged deed is named; the allegation being "about the year 1889." No allegation is made that William A. Stevens personally delivered a deed to the lands in question or that the same was delivered by anyone under his authority to E. A. Stevens. Nor is any reason whatever given for the failure to record such alleged deed. No facts showing how said deed was lost, or when it was lost, or by whom it was lost, nor any consideration therefor, are stated; nor is the nature of the estate stated or a description of the land which said alleged deed may be supposed to have conveyed; nor does the petition state any facts whatever, constituting under

the law of this State an acknowledgment of such alleged deed which is required under Sec. 906, R. S. 1899, to constitute a valid deed as against appellants. All these defects in the petition were called to the attention of the court by due objection to testimony for plaintiffs. No allegation whatever of fraud is made in the petition, and notwithstanding the fact that under the law the alleged trust is required to be evidenced by writing, this fact is ignored by the petition. This petition is insufficient to uphold either the decree, or the testimony admitted at hearing. Nichols v. Nichols, 134 Mo. 194; Elyton Land Co. v. Denny, 108 Ala. 553; Pomeroy on Remedies (2 Ed.), sec. 517, 526; Kelsey v. Hammer, 18 Conn. 311; Torrent Fire Engine Co. v. Mobile, 101 Ala, 559; Rogers v. Ramay, 137 Mo. 598; McDonald v. Jackson, 56 Iowa 643; Dexter v. McDonald, 196 Mo. 373; Owen v. Crum, 20 Mo. App. 121; Dexter v. McDonald, 196 Mo. 373. (2) The final decree in this cause is erroneous. (a) Unless the facts relied on by the plaintiffs are both pleaded and proved by them, clearly establish a "resulting" trust, the decree should not be sustained herein. Wacker v. Wacker, 147 Mo. 246; Heil v. Heil, 184 Mo. 665; Curd v. Brown, 148 Mo. 92; McKee v. Higbee, 180 Mo. 263; Reed v. Sperry, 193 Mo. 167; Couch v. Harp, 201 Mo. 457; Smith v. Smith, 201 Mo. 533; Griffin v. Miller, 188 Mo. 327; Pitts v. Weakley, 155 Mo. 136; King v. Isley, 116 Mo. 155; Nevions v. Nevions, 101 N. Y. Supp. 1091; Dexter v. McDonald, 196 Mo. 373; Bunel v. Nestor, 203 Mo. 429; Crowley v. Crowley, 110 S. W. 1100; 17 Cyc. 774. (b) Under the pleadings and the law governing evidence the decree is illegal. (1) A vital charge in the petition is that "the plaintiff Ellen S. Stevens is the owner and in possession of the land in question, on August 3, 1904, the day of filing this suit." The answer of these defendants put this fact in issue. McFarland R. E. Co. v. Gerardi Co., 202 Mo. 604; Dun-

lap v. Kelley, 105 Mo. App. 157; Gustin v. Ins. Co., 90 Mo. App. 376; Weil v. Poston, 77 Mo. 284. (2) There is no sufficient proof in this case of the existence of the deed mentioned in the petition as from William Stevens and wife to his son, Edward, nor of the loss of any such deed. This witness, like the other witness who testified on the point, is unable to prove any of the material facts constituting a deed, such as: (1) That the signatures on the paper were genuine signatures of the alleged makers; (2) the consideration therefor; (3) that an acknowledgment had been made or taken thereto, as required by Sec. 906, R. S. 1899, making it necessary to the validity of deeds conveying lands in Missouri that they shall be acknowledged or proved or certified in the manner prescribed by the statute; (4) any facts constituting in law a delivery of such instrument as a deed; (5) that the contents of such paper on the face thereof purported to pass the title to the land in question. The proof required to enable a court to decree an alleged unrecorded lost deed as established and adjudge it an existing title to land must be sufficiently clear to redraft the instrument as to all the essential facts and details of the conveyance, the consideration, the date, the execution and a delivery by its makers, with the statutory acknowledgment by the grantors. Taylor v. Williams, 45 Mo. 84; McNear v. Williamson, 166 Mo. 367; Hall v. Gillemore, 138 Mo. 642; McKee v. Higbee, 180 Mo. 297; Stephan v. Metzer, 95 Mo. App. 622; Hendricks v. Whitecotton, 60 Mo. App. 671; Tyler v. Hall, 106 Mo. 322; 17 Cyc. 778 (f); 3 Wigmore on Evidence, sec. 2105; Edwards v. Noyes, 65 N. Y. 125; Elyton Land Co. v. Denny, 108 Ala. 553; Loftin v. Loftin, 98 N. C. 94; Neely v. Carter, 96 Ga. 197; Holmes v. Deppert, 122 Mich. 280; Gorman v. Gorman, 98 Ill. 361; Burk v. Pence, 206 Mo. 339. (3) The act of Edward A. Stevens in directing the deed from H. Smith to the land in question to be made to his father, under the circumstances disclosed herein, de-

notes a gift to his father rather than the creation of a trusteeship. Hall v. Hall, 107 Mo. 109; Hatcher v. Hatcher, 139 Mo. 614; Curd v. Brown, 148 Mo. 82; Judy v. Louderman, 48 Ohio St. 573. (4) The laches of plaintiffs, and of Edward A. Stevens under whom they claim, as well as the law, both statutory and judicial, forbid a recovery by plaintiffs in this case. Sec. 4281, R. S. 1899; Taylor v. Blair, 14 Mo. 437; Stevenson v. Saline Co., 65 Mo. 425; Wells v. Perry, 62 Mo. 573; Hoester v. Saummelman, 101 Mo. 619; Whitney v. Fox, 166 U. S. 637; Hammond v. Hopkins, 143 U. S. 273; Penn. Mutual Co. v. Austin, 168 U. S. 685. (5) It was error in the trial court to deny the motion of appellants requesting the court to require the plaintiffs to elect upon which of the causes of action in their petition they would proceed in this suit; and the denial and overruling appellants' motion to strike out parts of the answer of the North Kansas City Development Company was also material error on the part of the court below. Sec. 593, R. S. 1899, forbids the uniting in the same petition of several causes of action unless all said separate causes of action arose out of the same transaction or transactions connected with the same subject of action. Kennerly v. Summerville, 64 Mo. App. 75; Clancy v. Railroad, 192 Mo. 640; Otis v. Bank, 35 Mo. 128; State to use v. Davis, 35 Mo. 406; Ederlin v. Judge, 36 Mo. 350; Bank v. Bayliss, 41 Mo. 274; Southworth Co. v. Lamb, 82 Mo. 242; Christal v. Craig, 80 Mo. 367. (6) The cross-bill in partition of appellant, Fannie D. Stevens, was erroneously disregarded in the trial court. Fannie D. Stevens being an innocent purchaser for value of the said real estate prior to the institution of this suit, obtained a valid title to the interest of Oscar H. Stevens therein as heir to William Stevens through the undisputed record title in fee simple of William Stevens as owner of such land at time of his death. These facts were not denied either by pleadings or proof by the plaintiffs in the original suit, de-

fendants in the cross-bill, and under the law the decree refusing partition is illegal.   Callaway v. Fash, 50 Mo. 420; Digman v. McCollum, 47 Mo. 372; Maupin v. Emmons, 47 Mo. 304; Sell v. McAnaw, 138 Mo. 272; Budde v. Rebenack, 137 Mo. 179; Barrett v. Baker, 136 Mo. 518; Gunn v. Thurston, 130 Mo. 339.   (7)   The plaintiffs herein are not the real parties in interest, and were not warranted in instituting this suit.   Sec. 540, R. S. 1899; Snyder v. Free, 114 Mo. 367; Young v. Schofield, 132 Mo. 661; Boles v. Bennington, 136 Mo. 529; Dezell v. Ins. Co., 176 Mo. 279.

*Scarritt, Scarritt & Jones* for respondents.

(1)   The petition in this case is in two counts. The first count is under section 650, which authorizes any party claiming interest in land to have the same adjudged and decreed by the circuit court.   The second count prays the court upon the facts alleged to enter a decree restoring the lost deed and divesting any title defendants may have out of them, and investing it in plaintiffs.   The only suggestion made by the defendants' counsel upon the argument at the trial was that the court had no authority in a case of this kind to enter its decree restoring the lost deed and divesting the title out of defendants and investing it in plaintiffs. This proposition has been clearly and abundantly decided by our Supreme Court.   Wynn v. Cory, 43 Mo. 304; Wright's Heirs v. Christy's Heirs, 39 Mo. 125; Hord v. Baugh, 46 Am. Dec. 91.   (2) The object of the preliminary inquiry as to the establishment of a lost instrument is simply to establish a reasonable presumption of such loss.   Hume v. Hopkins, 140 Mo. 72; Kleiman v. Geiselman, 114 Mo. 437; State ex rel. v. Goodhue, 74 Mo. App. 165; Henry v. Diviney, 101 Mo. 378.

VALLIANT, J.—This suit involves the title to about 17 acres of land in Clay county, just across the river from Kansas City, being the east half of the southeast quarter of the northeast quarter section 23, township 50, range 33. According to the petition the land was purchased in 1881 by Edward A. Stevens and paid for by him, but at his request and for his convenience the title was taken in the name of his father, William Stevens. William Stevens died in 1896, Edward died in 1902. The plaintiff, Ellen, is the widow of Edward, the executrix of his will and his devisee; the other plaintiffs are his heirs. The defendants (except, of course, the North Kansas City Development Company, a corporation) are heirs of William. The plaintiffs, other than Ellen, are also heirs of William. Edward in his lifetime made a contract of sale of the land to the defendant corporation, the Development Company, and part of the consideration was paid, but he died before the sale was consummated. The main question in the case is did the land belong to Edward or to his father, William?

The petition is in two counts, the first is under section 650 to adjudge and quiet title, the second is in equity to restore an alleged lost deed from William to Edward.

In the first count, in addition to the allegations that the land was bought and paid for by Edward and the title taken for convenience in the name of his father William, it is alleged that afterwards William and his wife made and executed a deed duly acknowledged conveying the land to Edward, but that that deed was never recorded and is now lost; also that Edward in his lifetime and the plaintiff Ellen since his death have been in adverse possession of the land for more than ten years.

The second count contained substantially the same averments as the first with the addition of the statement of the contract of sale to the defendant corpor-

ation, with a prayer to have the lost deed restored and the defendants divested of their apparent record title and the plaintiff Ellen invested with title.

Defendants O. H. Stevens and Fannie Stevens, his wife, who are the appellants in this court, filed their answer in which they aver that this suit is not instituted or being prosecuted in the name of the real party in interest, because prior to his death Edward had sold whatever interest he had in the land to one Shaffer and that the defendant, the North Kansas City Development Company, at the time of the institution of this suit was and for a long time had been in adverse possession of the premises, and that Shaffer when he bought had notice that the title was in the heirs of William Stevens, deceased.    The answer also pleads that the plaintiffs' claim is barred by the Statute of Limitations and by laches and there are specific denials of several statements in the petition about which there was really no dispute at the trial, to-wit, that plaintiff Ellen was not the widow or executrix or devisee of Edward or the other plaintiff, his heirs, etc.    The answer of the North Kansas City Development Company set up the contract of sale from Edward to Shaffer, the payment of $1,000 of the purchase money at the date of the contract and $4,000 paid later and the balance to be paid still later; that Shaffer really made the contract for the corporation and afterwards assigned it to them; that thereafter the long illness and subsequent death of Edward Stevens prevented the fulfilment of the contract on his part and it remains to be executed.

Defendant Fannie D. Stevens and her husband, the appellants herein, also filed a cross-bill in which they set up that she was a bona-fide purchaser without notice of the adverse claims of any of the parties to this suit of an undivided two-thirds of one-fifth of the land in suit under a warranty deed from one Jacob

Davis and prays a sale of the land for partition. None of the facts constituting that transaction are stated.

The testimony in the case leaves really no ground to question the truth of the statements in the plaintiffs' petition. The testimony shows that the source of the title was a sale of a 40-acre tract for taxes in 1881, which sale was attended by Henry A. Smith and Edward Stevens, each having a purpose to buy the land advertised for sale. They were acquainted with each other and on meeting there each disclosing to the other his purpose, Mr. Stevens saying that he was interested in the east half of the forty, it was agreed between them that Mr. Smith should purchase, take the sheriff's deed, and afterwards convey the east half to Edward Stevens; that agreement was carried out, Edward Stevens paid to Mr. Smith the amount agreed on between them for the 20 acres he was to have, which was one-half the purchase price, with costs, etc., added, and requested the deed to be made in the name of his father as grantee, and that was done. That was the testimony of Mr. Smith and there was none to the contrary. The testimony tended to show that after the purchase Edward Stevens rented the land and held exclusive possession through his tenants from that date, 1881, to the date of the contract of sale to Shaffer for the defendant corporation, January 3, 1902, when the latter went into possession under Edward and has held it ever since awaiting the consummation of the contract.

The testimony is also quite satisfactory that in 1889, or about that date, the father, William Stevens, joined by his wife, executed a deed conveying the title to Edward.

The testimony on this point is first that of an attorney for a railroad company which wanted to obtain a right of way through the land and he negotiated with Edward for the purchase of such right. The record title then stood in the name of William Stevens, and

the attorney knew that fact. The deed for the right of way, as submitted to the attorney for the railroad, was signed by William Stevens and wife. The names of the grantors were not written in the caption of the deed but the space was left blank. The attorney came to the office of Edward with the deed in that condition to consummate the sale, there he met Edward and William Stevens, his father. The witness was asked to state what Edward said at that time, but on objection of defendant the court ruled that the statements of Edward were not admissible, that the witness should state what occurred. Whereupon the witness testified that Edward went to his safe and, in the presence of his father and witness, took out a deed and showed it to witness; it was a deed for this land from William Stevens and wife to Edward, dated in 1889 (the more exact date witness did not remember) and duly acknowledged, but not recorded; Edward then asked witness if he preferred to have him (Edward) and his wife also join in the deed as grantors, but witness said he did not care to have them do so, whereupon Edward filled the blank in the caption of the deed with the names of William and his wife and witness gave Edward a check for the money and took the deed. This witness a few years afterwards saw the deed again, in 1895 or 1896. As attorney for another railroad company he at that time had occasion to examine it and did so. It was then in the possession of Edward Stevens.

A son of Edward Stevens testified that he had seen the deed many times and he specified two occasions when he read it. He described it as a deed for this land to his father executed by his grandfather and grandmother and duly acknowledged. He knew the signatures of both his grandfather and grandmother and recognized their signatures on this deed. The last time he saw the deed he put it in his father's safe. Since his father's death he had searched for it but

could not find it. The testimony on that point was practically undisputed.

The testimony also showed that plaintiff Ellen was the widow of Edward and that by his will she was the sole devisee of all his real estate while she remained his widow and at her death or marriage it was to go to their two children who are plaintiffs, one of whom has deeded his interest to his mother.

The testimony for defendant tended to show that during the period plaintiffs claim that Edward was in possession of the land through tenants some of the leases were made in the name of William and that a lawsuit with one of the tenants about rent was instituted in the name of William. But on cross-examination of the witnesses they said that Edward transacted the business and signed William's name, that he conducted the law suit and settled it.

Defendant also introduced in evidence a deed from William Stevens and wife to John Seaville, September 6, 1881, to three acres of the original 20, also the deed for the right of way to the railroad company mentioned in plaintiffs' testimony, and a deed from defendants, O. H. Stevens and his wife, Fannie, to Jacob Davis for an undivided two-thirds of O. H. Stevens's interest in the land in question dated November 3, 1902, and a warranty deed two days later in date from Jacob Davis conveying back the same interest to Fannie. The consideration named in the deed from O. H. Stevens and wife to Davis is $3,000, that named in the deed from Davis back to the wife of O. H. is $4,000.

The court found all the issues in favor of the plaintiffs and decreed that the lost deed from William Stevens and wife to Edward be restored and that defendants be divested of their record title as heirs of William Stevens, and the plaintiff Ellen, as executrix of the will of Edward, be invested with the same, and that upon the payment to her by the defendant North Kansas City Development Company of $2,784, with six per

cent interest from March 1st, 1903, plaintiff Ellen execute to that corporation, or to any one whom it may designate for that purpose, a good and sufficient deed, the money to be paid within thirty days on tender by her of such deed and if not then paid plaintiff Ellen is not bound to make a deed and the contract for the sale shall become null and void. Then followed judgment for costs in favor of plaintiffs against defendants except the defendant corporation, and judgment for costs in favor of the corporation against the plaintiffs.

I. There are some points made by appellants that we will notice before taking up the case on its merits.

It is said that appellants' cross-bill is ignored in the final judgment, that there being no reply to it it stands confessed. The answer of appellants was filed November 7, 1904, a reply, general denial, was filed November 18, 1904, the cross-bill in February, 1905. The abstract of record says that a demurrer to the cross-bill was filed March 7, 1905, and overruled on same day, the demurrer is not set out in the abstract and we do not know on what grounds it was based, nor does the abstract show that a reply was filed after the demurrer was overruled. But the cross-bill is set out in full in the abstract and if we assume that there was no reply to it and that appellants were entitled to have had its averments taken as confessed, then they ought to have asked the court for an entry of default against the plaintiffs, which they omitted to do. But there are really no statements of facts in the cross-bill upon which any judgment in the appellants' favor could have been founded. After statements to the effect that the land belonged to William Stevens at his death and a statement as to who are his heirs, the cross-bill continues: "The said Fannie D. Stevens further avers that she is a bona-fide purchaser from Jacob Davis of Jackson county, Missouri, by lawful deed of warranty, and without notice of any adverse claims of any of the

parties hereto, or that may hereafter be parties to this cause, and that she is a co-owner of said lands.'' According to the averments in the cross-bill the title descended to the heirs of William Stevens, yet there is no statement to connect her alleged grantor with that title, and there is no statement that she paid a valuable consideration for the deed.

If the demurrer had been based on the ground that the cross-bill did not state facts sufficient to constitute a cause of action it should have been sustained.

Under our code pleading a defendant is entitled to but one answer and that one must contain all his matters of defense and counter claim. [Sec. 604, R. S. 1899; Ann. Stat. 1906, p. 631.] At the time appellants filed this cross-bill they already had an elaborate answer on file in which, after denials and statements in effect showing a one-fifth interest in O. H. Stevens, her husband, as heir of William, it concluded with a denial that plaintiffs' petition states facts sufficient to justify the divesting of her title to her share of the ''land conveyed to her long before the institution of this suit by Jacob Davis by deed, said deed being duly recorded,'' etc. That is all that that answer contains bearing on the Davis title. To that answer there was a reply, general denial. The cause went to trial as if all the issues were joined and was so treated by court and counsel, doubtless construing plaintiffs' reply as covering the after-filed cross-bill and that was proper. Appellants introduced evidence to sustain their cross-bill, though their evidence fell short. The only evidence they offered was a deed from appellant O. H. Stevens for two-thirds of one-fifth of the land to Davis, and a deed from Davis straightway back to the wife of O. H., for the same interest. There was no offer to prove that even one cent had been paid for either deed. Even if the cross-bill had stated a case calling for relief, the proof failed to sustain it. The averments of

the cross-bill were covered in the general finding of the issues in favor of the plaintiff. The court did not err in making no further mention of it in the final decree.

II. There is nothing in appellants' point that the suit is not prosecuted in the name of the real party in interest. It is true the North Kansas City Development Company is interested in the decree the plaintiffs are seeking to obtain, but it is also true that the plaintiffs are interested not only in the balance of the purchase money to be paid on the consummation of the contract of sale, but in the faithful performance by them of the contract which Edward in his lifetime made and which they in good conscience are bound to fulfill.

III. There was a motion to require the plaintiffs to elect upon which of the two counts in their petition they would stand: first, because it did not appear that both causes of action arose out of the same transaction, therefore under section 593, Revised Statutes 1899, could not be united; second, the parties interested in the alleged lost deed are not interested in the sale of Edward Stevens to the North Kansas City Development Company. The court overruled the motion and exception was saved.

Although the petition is divided into two counts, yet it may be questioned if it really states but one cause of action; the second count contains all that there is in the first and differs from it only in the fact that it contains the averments concerning the contract for sale to the defendant corporation. But if it be considered two causes of action they grow out of the same transaction.

The second ground of the motion, to-wit, that the defendants other than the corporation are not interested in the matter of the alleged contract of sale by Edward to the corporation, is in the nature of an

objection for misjoinder of parties and, if there is any
merit in it, it ought to have been presented in the way
of a special demurrer. [Sec. 598, R. S. 1899; Ann.
Stat. 1906, p. 624.] But the plaintiffs were justified
under the rules of good pleading in making the de-
fendant corporation a party to this suit. That cor-
poration by virtue of its contract with the plaintiffs'
testator and ancestor had an interest in the subject-
matter of this suit, and had a right to take part in the
litigation to obtain a restitution of the alleged lost
deed. There was no independent conflict between the
plaintiffs and the defendant corporation, the pleadings
of both show that no cause of action had arisen be-
tween them, because both were willing as far as they
could to carry out the contract made with Edward
Stevens in his lifetime. The court did not err in over-
ruling that motion.

IV. Appellants contend that the petition does not
state facts sufficient to constitute a case of resulting
trust. There are three kinds of trusts mentioned by
name in the law books, express, implied and resulting.
Express trusts are created by agreement between the
parties expressing the particular trust intended; im-
plied trusts arise also by agreement, but when the words
used in the agreement leave it to implication, rather
than express specification, as to the trusts intended;
but resulting trusts are those which arise from the
acts of the parties by operation of law. The party to
be charged as trustee may never have agreed to the
trust and may have really intended to resist it, yet if
his acts have been such as are in honesty and fair deal-
ing consistent only with a purpose to hold the property
in trust, a trust will result by operation of law. "They
are sometimes called presumptive trusts, because the
law presumes them to be intended by the parties from
the nature and character of their transactions with
each other, although the general foundation of this
kind of trusts is the natural equity that arises when

parties do certain things. Thus, if one pays the purchase money of an estate, and takes the title-deed in the name of another, in the absence of all evidence of intention, the law presumes a trust, from the natural equity that he who pays the money for property ought to enjoy the beneficial interest. The Statute of Frauds does not affect the creation of these trusts, for the reason that, where there is no evidence of intention, it would not be expected that a declaration in writing, properly signed, would be made or could be produced." [Perry on Trusts (5 Ed.), sec. 124.]

There are other conditions than the one just suggested where a trust will result by operation of law, one of which is where a person entrusted with money of another buys property and takes title in his own name, but for the purpose of our present inquiry it is sufficient to say, in the language of the text-writer just quoted: "if one pays the purchase money of an estate, and takes the title deed in the name of another, in the absence of all evidence of intention, the law presumes a trust." The petition in this case states facts to constitute a resulting trust under that definition.

It is argued that the petition does not undertake to show any reason why Edward Stevens, a lawyer and a man of wealth, should have conducted this transaction in his father's name. Since both Edward and his father are dead the plaintiffs could not know what the motive was and hence they could neither allege nor prove it. The death of the party in whose name the title is taken does not prevent proof of the case by parol evidence, though of course it is a fact rendering it necessary for the chancellor to be more careful than otherwise in weighing the evidence. [Perry on Trusts, sec. 138.].

It is also said that the petition does not state that William Stevens in person delivered the alleged lost deed to Edward, or that it was delivered by the hand of any one else by order of William. The petition states

that William executed and delivered the deed and that is all that was necessary, all in fact that the rules of good pleading permitted, for to go on to specify the manner and form under which the delivery was made would be to plead evidence. The petition was sufficient.

V. Appellants' remaining point relates to the sufficiency of the evidence to sustain the allegations of the petition. There is little for us to say on that point because we think the evidence entirely sustains the chancellor's findings. Appellants say that a vital allegation in plaintiffs' petition is that they were in possession of the land when the suit was instituted. There is an allegation of that kind in the petition in connection with other averments going to show continuous possession and acts of ownership by Edward Stevens after the purchase in 1881, but the averment that the plaintiffs were in actual possession when the suit was begun was not a vital one, because if the averments going to show a condition from which a trust would result by operation of law, and, under that condition, Edward had remained in possession from 1881 to the time of his death in 1902, twenty-one years, it made out the plaintiffs' case. Besides, the fact on which appellants rely to contradict the averment in the petition that plaintiffs were in possession at the date of filing the suit, does not contradict but really sustains the averment. The fact on which appellants rely is that the defendant corporation was in actual possession at that date. But the corporation was there under license from Edward under the contract for sale, and its possession was the possession of the heirs and devisees of Edward.

We agree with the learned counsel for appellant in his estimate of the character of evidence that the law requires to establish a case like the one presented in the plaintiffs' petition. This court in every case where

it has had occasion to speak on the point has held the party asserting such a case to a very high standard of proof, and we have never been satisfied with proof that does not measure up to that standard. We think the plaintiffs in this instance have come fully up to that standard, and have proven their case beyond a reasonable doubt. The judgment is affirmed.

All concur.