[Civ. No. 10174. First Appellate District, Division Two.—July 2, 1936.]

WYOMING–MONTANA DEVELOPMENT COMPANY (a Corporation), Appellant, v. WELLS FARGO BANK & UNION TRUST COMPANY (a Corporation), as Trustee, etc., Respondent.

A. L. Weil and Martin J. Weil for Appellant.

Lloyd W. Dinkelspiel, Donald W. Falconer and Heller, Ehrman, White & McAuliffe for ·Respondent.

SPENCE, J.—In this action to establish a resulting trust, defendant had judgment and plaintiff appeals.

Plaintiff is a corporation in which Thomas G. Hutt, deceased, was a large stockholder. Deceased died in 1929 and his estate was distributed in the same year. Certain property was distributed to defendant as trustee under the last will and testament of said deceased. Part of the property so distributed was a fractional interest in an oil and gas prospecting permit issued by the secretary of the interior to Thomas Downing in 1923. This fractional interest had been assigned to said deceased by said Thomas Downing by an instrument dated September 22, 1924. No claim was made by plaintiff against defendant until October, 1933, and this action was not commenced until December, 1933.

In its complaint, plaintiff alleged that the purchase price for the assignment from said Downing to said deceased was paid by plaintiff and that it was intended by the parties that said deceased should hold said assignment in trust for plaintiff. These allegations were denied by defendant and the trial court made findings in favor of defendant upon the issues thus made.

Appellant contends that the evidence was insufficient to sustain these findings but we find no merit in this contention. The burden was upon appellant to prove the essential allegations establishing the trust by clear and convincing evidence. (*Woodside* v. *Hewel,* 109 Cal. 481 [42 Pac. 152]; see, also, 65 Cor. Jur. 448 to 453 and cases cited.) This was particularly true in view of the fact that the alleged trustee had died and was unable to testify to the facts. (*Turman* v. *Ellison,* 37 Cal. App. 204 [174 Pac. 396]; *Walker* v. *Jackson,* 48 Idaho, 18 [279 Pac. 293]; *Stevens* v. *Fitzpatrick,* 218 Mo. 708 [118 S. W. 51, 23 A. L. R. 1528 to 1531].) While appellant produced certain testimony tending to show that it had paid the purchase price, the trial court had the opportunity to see the witnesses and to weigh the testimony

and we cannot say that it erred in finding against appellant even though such testimony was not contradicted by other evidence. There were many circumstances tending to cast doubt upon this testimony but we need mention only a few. It was claimed by appellant that the consideration paid to Downing for said assignment was $1750. No check or checks were produced showing any payment by appellant to Downing of that amount or any other amount. On the contrary, three checks were produced which checks were made payable to other persons and bore no evidence of having any relation to the Downing transaction. These checks did not correspond in amount to the alleged consideration paid to Downing but exceeded that amount by the sum of $1500. Appellant sought to explain the situation by oral evidence but failed to produce any of its books or records to show the purpose or purposes for which said checks were issued. The trial court could therefore reasonably infer that appellant's books and records contained no entries tending to support appellant's claim. Furthermore, the delay in asserting the claim until over four years after the death of the deceased was a circumstance which the trial court was entitled to consider in weighing the oral testimony relating to a transaction which was consummated over nine years before the claim was made. These and other circumstances appearing in the record were sufficient to justify the trial court in determining that appellant had failed to sustain the burden of proving the essential allegations of its complaint by clear and convincing evidence as it was required to do. We therefore believe the claim of insufficiency of the evidence to sustain the findings adverse to appellant may not be sustained.

Appellant further contends that the trial court erred in sustaining respondent's objection to a question asked of respondent's witness on cross-examination. We find no merit in this contention. Thomas G. Hutt, Jr., was called as a witness by respondent. On direct examination he testified concerning an occasion in 1927 when he took two documents, at the request of Mr. Smith, who was one of appellant's witnesses, to his father, Thomas G. Hutt, deceased, for signature. He testified that his father signed one document and "stated he would hold the other until he came back and talked to Mr. Smith". This was the entire substance of the direct examination. On cross-examination the witness was

asked if he had not held a conversation with a Mr. Pauson in 1933, in which he stated that he knew that the interest in the permit assigned to his father "had always belonged to the Wyoming-Montana Development Company". Counsel for respondent interposed an objection upon several grounds, including the ground that it was not proper cross-examination. We find no error in this ruling as the objection was properly sustained upon the ground last mentioned.

The judgment is affirmed.

Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 31, 1936.