**Dorothy OBERKRAMER, Plaintiff-Appellant,**

v.

**Lucille BROWN and Margaret Rose, Defendants-Respondents.**

**No. 44253.**

Missouri Court of Appeals, Eastern District, Division Three.

April 20, 1982.

64 ■ ▬▬▬▬▬▬▬▬▬▬

Walter D. McQuie, Jr., Montgomery City, for plaintiff-appellant.

G. Andy Runge, Mexico, for defendants-respondents.

DOWD, Judge.

The plaintiff appeals the judgment for the defendants in the quiet title action below. We affirm.

The property in dispute is 40 acres in Montgomery County, Missouri, once owned by Kate Daubert, deceased. The defendants claimed title on the basis of a general warranty deed[1] dated July 11, 1958 executed to them by Kate Daubert who was the aunt of defendants.

The plaintiff claimed title on the basis of a lost deed from the defendants back to Kate Daubert. The plaintiff, an adopted daughter of Kate Daubert, claimed title by intestate descent as the sole heir of Kate Daubert. The lost deed was alleged to have been made a number of years after 1958. The trial judge found the evidence insufficient to establish a reconveyance of the

1. The deed erroneously recited that the property was located in Audrain County when the property was located in Montgomery County. The parties agree this is an error in the deed.

The deed was reformed by the trial court here by changing the word "Audrain" to "Montgomery."

property and quieted title in the defendants.

The deed to defendants was executed by Kate Daubert in 1958 while she was in the hospital and believed she was not going to live. She recovered from her illness and returned to the 40 acre farm and died in 1973. The deed to the 40 acres was recorded and kept by the defendants. After Kate Daubert recovered from her illness she made all arrangements with the tenant on the farm until her death. After the delivery of the deed, the defendants paid the taxes on the farm through Kate Daubert. The defendants also paid the insurance on the farm. The defendants did not keep the cancelled checks for these expenditures.

A number of years after 1958, defendants signed a writing which was notarized and sent to Kate Daubert with a $5.00 recording fee. This writing was sent to Kate Daubert in compliance with her wishes. This writing was never recorded because Kate Daubert changed her mind about transferring the property back to her. While it had been the intention of the defendants to transfer the property back to Kate Daubert, the defendant Brown did not believe this writing was a deed but was rather an agreement to give the property back to Kate Daubert. This essentially is all the evidence relative to the plaintiff's theory of a lost deed.

In her First Point Relied On the plaintiff contends the judgment of the trial court is against the weight of the evidence. The plaintiff contends the evidence sufficiently established a lost deed. In support of her contention she states that the defendants themselves testified as to the execution and delivery of the deed back to Kate Daubert. Plaintiff also argues that the record shows that there was no question as to the description of the property reconveyed nor of the approximate date thereof and the circumstances of the decedent asking that the property be reconveyed to her and her occupancy and use of the premises until her death. The plaintiff further argues that the record thus established that there was a deed from the defendants back to the decedent and it was lost.

■ In the review of a judgment of a court tried case the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 36 (Mo.1976). *Murphy v. Carron* further held that the power to set aside a decree or judgment on the grounds that it is against the weight of the evidence should be exercised with caution and with a firm belief that the decree or judgment is wrong. *Murphy v. Carron, supra*. We find the plaintiff did not present sufficient evidence in the court below to merit a firm belief by this court that the trial court's judgment was wrong.

■ In a quiet title action, where both parties seek to quiet title in their favor, the burden is upon the respective parties to prove better title than the other. *Mitchell v. Atherton*, 563 S.W.2d 13, 17 (Mo. banc 1978). In defending the suit below, the defendants introduced a general warranty deed, regular on its face, vesting record title in themselves. Plaintiff sought to prove superior title through a later deed, alleged to be lost.

■ The Lost Deed Law, Section 527.-190–527.240 RSMo 1978, was enacted to enable persons whose deeds had been lost or destroyed as for example by fire, to petition the court to re-establish such title. *Anthony v. Beal*, 111 Mo. 637, 20 S.W. 326, 331 (1892). In proving up such a lost or destroyed deed, the petitioner understandably carries a very high burden. *Stevens v. Fitzpatrick*, 218 Mo. 708, 118 S.W. 51, 56 (1909). A petitioner must set forth a description of the property, the nature and extent of his interest therein, a description of his evidence of title, the date and contents of said evidence of title and the name or names of person or persons who executed the same. § 527.190 RSMo 1978. Such matters can be proven by testimony of someone who saw the deed at one time,

*Stevens v. Fitzpatrick*, 218 Mo. 708, 118 S.W. 51 (1929) or the recorder of the instrument, *Felker v. Breece*, 226 Mo. 320, 126 S.W. 424 (1910).

■ In the suit below, the plaintiff proved and the defendants admitted their intention to reconvey the property to the grantor, Kate Daubert. The plaintiff, however, did not establish through clear, cogent and convincing evidence that the document which the defendants signed and had notarized was ever a deed. *Jones v. Kirk*, 270 Mo. 408, 194 S.W. 44, 45 (1917). Further no evidence was established as to the description of the property conveyed nor of the approximate date of the conveyance. In fact, one of the defendants testified she did not believe it to be a deed but an agreement to give the property back to Kate Daubert. And though the grantor remained on the property from the time of the 1958 conveyance until her death in 1973, this does not conclusively establish that the property was ever reconveyed.

We fail to find plaintiff's evidence clear, cogent and convincing regarding the execution and delivery of the deed as to warrant setting aside the defendant's deed, which is regular upon its face. *Tiede v. Tiede*, 231 S.W. 950, 953 (Mo.1921). Point denied. Consequently, we need not address plaintiff's second Point Relied On which refutes alternate theories destroying the priority of the lost deed were we to conclude the lost deed was established.

The judgment is affirmed.

REINHARD, P. J., and CRIST, JJ., concur.