STURDIVANT BANK, Appellant, v. ROBERT L. WILSON, Defendant; W. H. HUTERS, GARNISHEE Respondent.

St. Louis Court of Appeals, March 4, 1901.

1. **Practice, Appellate:** WEIGHT OF EVIDENCE: MOTION FOR NEW TRIAL; EVIDENCE, CONFLICT IN: VERDICT: JUDGMENT.   Where one of the grounds alleged in the motion for new trial is that the verdict is against the weight of the evidence, and the record discloses that there is a substantial conflict in the evidence, it is the duty of the appellate court to affirm the judgment.

2. **Party of Record:** INTERPLEA: ANSWER OF DEFENDANT ADOPTED BY ONE NOT A PARTY TO THE RECORD BECOMES THE ANSWER OF THE PARTY.   In the case at bar, the answer of Wilson, defendant, to the order to produce the note held by him against Huters, is in substance an interplea in favor of Woody for the note, which Wilson claims to have sold to Woody prior to the bringing of suit against Wilson, and Woody, by his actions, in conducting the suit as attorney for Wilson, both in the circuit court and in the Court of Appeals, and by testifying in support of his claim of title to the note, adopted the answer of Wilson as his interplea, and will be as much bound by the judgment rendered on the answer and denials as if he had been a party to the record.

Sturdivant Bank v. Huters.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*R. B. Oliver* for appellant.

(1) The fact of the alleged indorsement of the note before maturity and the order of the court, and the good faith with which it was transferred, was a proper subject for a jury. The jury found that the note was the property of Robert L. Wilson, and not the property of John F. Woody. The instructions given were clear and defined the issues. The testimony warranted the finding of the jury, and the court committed reversible error in setting aside the verdict and granting a new trial. There was not only ample testimony warranting the finding of the jury, but, we submit in all candor, that no other rational conclusion could be drawn from the bank's notice of May 20, Woody's letter of June 18 and Woody's and Wilson's conduct in term time since August, 1898. Yet, as a matter of fact, Wilson's motion for a new trial was sustained by the court for the third assignment, to-wit: that the verdict of the jury is against the weight of the evidence. O'Meara v. Swandson, 62 Mo. App. 71. (2) The trial court, therefore, committed reversible error in granting a new trial for that reason. True, Woody and Wilson averred in words as to the transfer of the note, but the jury believed their acts, not their words. The verdict ought not to have been set aside. Donovan v. Ryan, 35 Mo. App. 160; Graves v. Kansas City, 75 Mo. 672; Ess v. Griffith, 128 Mo. 50. (3) The defendant Wilson having solemnly averred that "he had no interest in said note," it is difficult for the appellant to understand how, why and by what rule of law he could secure the affirmative action of the court in

seeking a new trial in this cause. It was no concern of his, if his solemn confession of record were believed. It is manifest from the record that Wilson was endeavoring to interplead for his friend, Woody, without having Woody made liable for the costs. (4) The jury having found that the alleged transfer was fraudulent, we ask that the order and judgment of the court, in setting aside said verdict and granting a new trial, be reversed, and that this court will now enter up judgment upon said verdict, or else direct the trial court to reinstate said verdict and enter judgment thereon accordingly.

*Kitchen & Woody* for respondent.

(1) The respondent had the right, under the law, to assign this note to Woody in payment of his debt, and Woody had the same right to take it in good faith for that purpose, and that, too, even though he may have known of respondent's indebtedness to appellant. Schroeder v. Babbit, 108 Mo. 289; Larrabee v. Bank, 114 Mo. 691; Foster v. Plaining Mill, 92 Mo. 79; Russell v. Letton, 56 Mo. App. 541. In order to stamp this transaction as fraudulent, two facts must be established: (a) That the purpose of Wilson in making the assignment was to hinder and delay appellant in the collection of its debt—to cheat and defraud it. (b) That Woody was a party to this fraudulent design and was aiding and abetting in its consummation. Russell v. Letton, 56 Mo. App. 541; Deering v. Collins, 38 Mo. App. 73; Schroeder v. Babbit, 108 Mo. 289. (2) A claimant to a fund, in a proceeding of this nature, is not compelled to interplead unless brought in by an order of the court. It is a privilege and not a duty. Section 3441, Revised Statutes 1899, is merely directory. Groschecke v. Bodenheimer, 15 Mo. App. 359. On the filing of Wilson's return, either the appellant or the garnishee could have obtained

an order compelling Woody to come in and assert his claim. Revised Statutes 1899, sec. 3459.

BLAND, P. J.—This is an appeal from an order of the circuit court sustaining a motion for a new trial. The facts are that an execution, issued by the clerk of the Cape Girardeau Circuit Court on a transcript judgment from a justice of the peace's court in favor of the appellant and against Robert L. Wilson, W. H. Huters was garnished. To interrogatories filed he answered that at the date of the service of the garnishment, he owed Wilson a promissory note dated March 28, 1898, for $45.25, due on April 28, 1898, bearing eight per cent interest per annum from date.

The court made an order on Wilson to deliver the note to the clerk or show cause. To this order Wilson made return that prior to the service of the garnishment on Huters and before the maturity of the note, he for value assigned and delivered it to John F. Woody. To this return the bank replied, denying the truth of the assignment, and alleging that if the assignment was made, it was made by Wilson without consideration and for the purpose of hindering and delaying the bank in the collection of its judgment and for the purpose of defrauding it, and that Woody participated in the fraud. Huters, the garnishee, by permission of the court, paid the amount due on the note into court and was discharged.

The issues made up by Wilson's return to the order to produce the note and the reply thereto by the bank, were submitted to a jury, who, after hearing the evidence and instructions of the court, returned a verdict for the bank. On motion of Wilson, the verdict was set aside and a new trial was granted.

The ground on which the court sustained the motion is not stated in the order granting the new trial as required by section 801, Revised Statutes 1899.

One of the grounds alleged in the motion for new trial is that the verdict is against the weight of the evidence.    If the record discloses that there is a substantial conflict in the evidence, then under the authority of Bank v. Wood, 124 Mo. 72, and of Kuenzel v. Stephens, 155 Mo. 280, it is our duty to affirm the judgment.

Wilson testified that before he got the note from Huters he borrowed forty-five or fifty dollars from Woody, for which he gave him no note or duebill; that on the day Huters delivered him the note, or the day after, he wrote his name across the back of it and delivered it to Woody in payment, or part payment, of the money he borrowed from him.    This evidence of Wilson's was corroborated in every detail by that of Woody.    As countervailing evidence, the bank offered the following: First, a letter written by Woody to Huters, dated June 18, 1898, to-wit:    "Your note in payment of the Painter property is long since due, and unless paid by Monday, suit will be instituted thereon.

"Yours truly, \
                    "Burrough & Woody."

It is admitted that the note referred to in the above letter is the one in controversy.

Second, the following notice addressed to Huters by the cashier of the First National Bank of Cape Girardeau, dated June 20, 1898, to-wit:    "This bank holds your note for $42.25 in favor of Robert L. Wilson, due May 1, 1898.    Your prompt attention will oblige, .

"Yours truly,
                    "L. S. Joseph, Cashier."

Third, the note, which reads as follows:

"$42.25.          Cape Girardeau, Mo., March 28, 1898.
"Thirty days after date we promise to pay to the order of

Robert Wilson, $42.25 with interest at eight per cent per annum, at————.

"Value received.

    "No. —, due —.                 "Marie W. Huters,
                                            "W. H. Huters."

with the following indorsement: Stamped by the bank "First National Bank, No. 2836, Cape Girardeau, Mo., 520," and in writing, "Robert L. Wilson," was read in evidence by appellant. It was also shown on the cross-examination of Woody that he had information of the garnishment of Huters; knew the contents of his answer filed at a previous term of court, admitting his indebtedness to Wilson; that he had been in court at each term and had had notice of the garnishment proceedings, and had taken no steps to protect his claim to the note, nor had he at any time given Huters personal notice that he was the owner of the note. Woody testified that he deposited the note with the Cape Girardeau National Bank for collection. The explanation he gave of the signing of the name of Burrough & Woody to the letter of June 18, 1898, addressed to Huters, was that Huters knew that he and Burrough were the attorneys for the Painter estate.

The foregoing statement of the substantial evidence heard on the trial, shows that there was a conflict in the evidence, and such an one as authorized the trial court in the exercise of its judicial discretion, to grant a new trial.

It is, perhaps, proper that we notice the ninth ground in the motion for a new trial, as the question will probably arise on a retrial of the cause. It is, "that the court erred in submitting the issues to the jury without having first made Woody a party to the record." The answer of Wilson to the order to produce the note or show cause, is in substance an interplea in favor of Woody for the note. Woody by his actions, in conducting the suit as attorney for Wilson, both in the circuit court and in this

court, and by testifying in support of his claim of title to the note, adopted the answer of Wilson as his interplea, and will be as much bound by a judgment rendered on the answer and denial as if he had been a party to the record. City of Memphis v. Miller, 78 Mo. App. loc. cit. 70; State ex rel. v. Barker, 26 Mo. App. 487; Garrison v. Babbage Trans. Co., 94 Mo. 130. The instructions given for plaintiff are faulty in that they charge the jury to find for the bank, if they find that Wilson transferred the note to Woody with intent to defraud the bank. The instructions should go further and require the jury to find that Woody participated in Wilson's fraud.

For the reasons above cited, the judgment is affirmed. All concur.