F. TITUS, Appellant, v. NORTH KANSAS CITY DEVELOPMENT COMPANY.

Division One, March 2, 1915.

1. EJECTMENT: Equitable Defense: Sec. 2535, R. S. 1909. Where to an action in ejectment the defendant pleads, in addition to a general denial and adverse possession, the equitable defenses of *res judicata* and estoppel *in pais*, and asks the court to treat the case as an equity suit, the court, by virtue of Sec. 2535, R. S. 1909, is warranted in so treating it.

2. ————: ————: Motion to Strike Out Overruled: Reply: Waiver. By filing a reply after his motion to strike out defendant's equitable defense was overruled, the plaintiff waived his right to contest the ruling of the court upon appeal, the equitable defense having stated good ground for relief under Sec. 2535, R. S. 1909.

3. ————: ————: Unrecorded Deed: Innocent Purchasers. In 1889 S deeded certain lands to his son E. A., but the deed was never recorded and was lost. In 1892 the land was sold under a tax judgment against S and another, and the deed was recorded, as was likewise a quitclaim deed to E. A., executed by the grantee in the sheriff's deed. E. A. and those claiming under him were in possession from 1889 onward. In 1902, for an antecedent debt, T took a conveyance of an undivided interest in the lands from O. S., an heir of S, but he did not record his

deed until 1909, nor is there any evidence that he even inquired how those in possession of the land were holding. *Held*, that T was not an innocent purchaser for value, and that he acquired no title, his grantor having none to convey.

4. ———: ———: ———: **Attorney in Prior Suit: Bound by Decree.** In 1889 S deeded certain land to his son E. A., but the deed was never recorded and was lost. In 1902, for an antecedent debt, T took a conveyance of an undivided interest in the land from O. S., an heir of S, but he did not record his deed until 1909. The heirs of E. A. brought suit in 1904 to restore the lost deed from S to E. A., and T, as attorney for his grantor O. S., but without ever disclosing his own interest, filed an answer and a cross-bill in partition, and had complete charge of the litigation to final judgment on appeal, whereby the deed was established and his grantor divested of all title. Thereafter he recorded his deed and brought ejectment. *Held*, that he is bound by the decree in the first suit.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Frank Titus* for appellant.

Whether the judgment in the case of Stevens v. Fitzpatrick, or the case itself in any of its features, concluded and barred the plaintiff in the present ejectment proceeding was essentially a question for the decision of a jury upon the facts constituting such alleged estoppel. Gwin v. Waggoner, 116 Mo. 152; Thompson v. Bank, 132 Mo. App. 228; Bank v. Redfearn, 141 Mo. App. 386; Dyer v. Tyrell, 142 Mo. App. 472; 16 Cyc. 813; Vaughan v. Scode, 30 Mo. 604; Ice Co. v. Tamm, 138 Mo. 393; Eckrich v. Transit Co., 176 Mo. 648; McKee v. Allen, 204 Mo. 674; Peniston v. Brick Co., 234 Mo. 698; Minor v. Burton, 228 Mo. 563; Berry v. Railroad, 223 Mo. 358; Fronein v. Page, 231 Mo. 90; Lee v. Conran, 213 Mo. 414; 24 Cyc. 105; Constitution of Missouri, art. 2, sec. 28; Secs. 1968, 1970, R. S. 1909.

*Kenneth McC. DeWeese* for respondent:

The plaintiff herein is barred, not only by his conduct, but concluded as well by the judgment in the case of Stevens v. Fitzpatrick, 218 Mo. 708. Turner v. Edmonston, 210 Mo. 411, 212 Mo. 377. The plaintiff in this case claims by, through and under the deed from Oscar Hampton Stevens and wife, who were parties defendant in the suit of Stevens v. Fitzpatrick, and who filed an answer and cross bill therein by the plaintiff herein as their attorney. He is bound and concluded by that judgment. At the time of the execution of the deed to the plaintiff by Oscar Hampton Stevens and Fannie D. Stevens, his wife, Shaffer was in possession of the land under the contract with Edward A. Stevens, of January, 1902. Such possession was notice to the plaintiff of Shaffer's rights in the premises, and charged the plaintiff with knowledge of all that inquiry by him would have imparted to him. The plaintiff is therefore not an innocent purchaser for value received without notice or knowledge. "Actual possession of land by a party is notice to all others of his claim of title." Bartlett v. Glascock, 4 Mo. 62; Beattie v. Butler, 21 Mo. 213. "Actual residence upon the land is notice to all the world of every claim which the tenant may legally assert in defense of his possession." Davis v. Briscoe, 81 Mo. 27. "So of actual possession and cultivation." Martin v. Jones, 72 Mo. 23; Cordova v. Hood, 17 Wall. 1; Long v. Weller, 29 Gratt. 347; Wood v. Krebbs, 30 Gratt. 708; Iron Co. v. Trout, 83 Va. 419; Van Gunden v. Coal & Iron Co., 52 Fed. 849; Hughes v. United States, 4 Wall. 232; Webb on Record of Titles, sec. 228, pp. 365-366.

RAILEY, C.—Plaintiff commenced an action of ejectment in the circuit court of Clay county, Missouri, on October 7, 1910, to recover from above defendant (a Missouri corporation) the possession of an undivided

one-third interest in the east half of the southeast quarter of the northeast quarter of section 23, township 50, of range 33, situated in the county of Clay aforesaid. The petition avers that on February —, 1904, said defendant entered into possession of said premises and since said date has unlawfully withheld from plaintiff the possession thereof, to his damage in the sum of $500.

The answer pleads a general denial; that F. Titus and Frank Titus are one and the same person; that plaintiff is barred by the ten-year Statute of Limitations; and that defendant has acquired a good title by adverse possession. The answer likewise pleads an equitable defense of former adjudication, and alleges that the matters and things in controversy were, by reason thereof, *res adjudicata*. It also pleads estoppel *in pais*.

The reply may be treated as a denial of the new matter pleaded in the answer. It asserts title in plaintiff through the heirship to William Stevens, deceased, who was the common source of title. It alleges that William Stevens was lawfully seized of the premises described in the petition, from 1881 up to the time of his death in 1902. It pleads estoppel on account of alleged admissions of defendant in the case of Stevens v. Fitzpatrick, 218 Mo. 708 and following, and the judgment rendered in said cause. Plaintiff avers in the reply that he was not a party to the above action reported in 218 Mo., supra, and is not estopped or deprived of his estate acquired by the deed of Oscar H. Stevens to him, of date November 1, 1902. He further avers that the conveyance to him was upon a valuable consideration, and without knowledge or notice on his part of the matters alleged as adjudicated in said cause in said circuit court. It is further averred that the *defendant* in this *action* and *plaintiff* in the above case of Stevens v. Fitzpatrick were put upon notice and inquiry, as to plaintiff's estate and interest in said real

property involved here, long before the commencement of above action in August, 1904. The reply admits that an appeal was taken to this court in the above cause and that the plaintiff herein appeared as attorney of record in behalf of said appellants therein, Oscar H. Stevens and Fannie D. Stevens. Plaintiff admits that his deed aforesaid was not filed for record in Clay county, Missouri, until *April 5, 1909.* The reply concludes by pleading laches on the part of defendant, and an abandonment of its claim, to the effect that the land in question was owned by Edward A. Stevens in his lifetime, etc.

On December 6, 1911, this cause was heard upon the equitable defense set up in the answer. The court found the issues in favor of defendant, and adjudged that it was entitled to the relief sought and prayed for in its answer; that defendant was seized and possessed of a good and indefeasible estate of inheritance in and to the real estate described in plaintiff's petition, in fee simple, and that the plaintiff had no right, title, interest or estate therein. A formal decree was entered in behalf of defendant, and an appeal taken therefrom to this court.

### Plaintiff's Title.

William Stevens is conceded to be the common source of title. It is contended by plaintiff that William Stevens died in 1902, as the absolute owner of the land involved here, without ever having conveyed the same, and that Oscar H. Stevens, a son and heir of William Stevens, deceased, inherited said east half of the southeast quarter of the northeast quarter of section 23, township 50, range 33, and that on November 1, 1902, said Oscar H. Stevens and wife, by their general warranty deed of said date, containing full covenants of warranty, conveyed an undivided one-third interest in the land aforesaid to plaintiff, and recited in said deed that the remaining undivided two-thirds interest

therein had been conveyed to Jacob Davis. The undivided one-third interest in ten acres of other land was described in the deed to plaintiff, and the expressed consideration therein was $500. Plaintiff's deed aforesaid was not recorded until April 5, 1909. The Davis deed, supra, contains this recital: "The remaining undivided one-third of the said interest and estate of the grantors herein to said lands has been sold and duly conveyed to another and different grantee by the grantors herein."

Plaintiff testified as a witness in his own behalf, and said that he became the purchaser of said undivided one-third interest of Oscar H. Stevens in the land aforesaid on November 1, 1902, and that said O. H. Stevens then claimed to be the owner in fee simple of said land; that the conveyance was taken by him in good faith, *and for a valuable consideration, said grantors being then indebted to him,* and without any knowledge or notice on his part of any claim by the plaintiffs in the action of Stevens v. Fitzpatrick, reported in 218 Mo., supra; that he had no notice that any other person claimed any interest in said land; that the records disclosed that William Stevens died seized as the owner thereof; that he had no notice that on the death of said William the land aforesaid did not at once vest in Oscar H. Stevens, George, Edward A. and Miller Stevens, and their respective descendants or assigns. He further said that shortly after the death of said William Stevens, his grantor O. H. Stevens employed him professionally to prepare and bring a suit for the partitioning of said east half of the southeast quarter of the northeast quarter of section 23, township 50, range 33, among and between the children and heirs of said intestate parent; that in the course of such employment, Mr. Martin D. Lawson, an experienced and capable attorney, examiner and abstracter of land titles, prepared and furnished an abstract of title to said land appearing upon the public records of said Clay county,

and which said *abstract* disclosed the title to said land to be vested in William Stevens at the time of his death. He testified that, in reliance upon such title and abstract, he prepared a petition for partition of said real estate, in which all of the heirs of said William Stevens were named as parties, but before such suit was begun, the petition of Ellen S. Stevens and others, being heirs and devisees of Edward A. Stevens, deceased, as plaintiffs, was filed in the circuit court of Clay county, in August, 1904 (being the same case reported in 218 Mo., supra), and as such petition disclosed a *claim* on the part of the plaintiffs therein of the existence of an undisclosed, unrecorded deed, having been executed by the father of said Edward A. and Oscar H. Stevens, affecting the land in question, the suit in partition was not instituted.

Plaintiff said he was employed and appeared in said cause of Stevens v. Fitzpatrick, as *attorney of record for Oscar H. Stevens and Fannie D. Stevens,* and as such attorney prepared and filed the pleadings of his clients in said cause, but states that he never knew or heard of the matters stated or claimed in the petition of said Ellen S. Stevens et al., *until* the filing of such suit by them to establish an alleged deed from William Stevens to his son Edward A. of the entire tract mentioned. As heretofore stated, the suit brought by plaintiff is for the possession of the undivided one-third interest in the land in controversy.

### Defendant's Title.

Henry Smith and wife, by quitclaim deed of date March 9, 1881, conveyed to William Stevens the east half of the southeast quarter of the northeast quarter of section 23, township 50, range 33, for the expressed consideration of $39.05. This deed was filed for record February 19, 1885.

The evidence tends to show, that Edward A. Stevens was the owner of the above land, although the

record title stood in the name of his father, William Stevens; that Edward A. Stevens had an unrecorded deed from his father, William Stevens, to said land and that said deed was lost. On December 7, 1891, Brasfield, as collector of Clay county, Missouri, obtained a tax judgment against T. F. Frinke and William Stevens for $7.15 and costs, for taxes due on land involved here for taxes of 1888, and said land was sold under said judgment to Wm. J. Courtney, and a deed made to him December 10, 1892, therefor, which was recorded October 5, 1894. On March 12, 1896, said Courtney and wife conveyed by quitclaim deed said land to Edward A. Stevens. This deed was recorded March 19, 1896. On or about January 3, 1902, Edward A. Stevens contracted in writing with one Stillman L. Shaffer, to sell and convey to the latter or his order the real estate in question. At the time of the execution of this contract, Edward A. Stevens was paid $1000 on the purchase price. Pursuant to the contract, Shaffer was put into possession of said land by his vendor. The time was extended on said contract to July 1, 1902, and the further sum of $3000 was paid on the purchase price. Before said contract was performed, Edward A. Stevens became ill, incapable of attending to his own affairs, and on August 25, 1902, died testate in Jackson county, Missouri. In his will, Ellen S. Stevens, his widow and relict, was made sole devisee and legatee and appointed executrix. He left two children surviving him, named William P. M. Stevens and Aileen Stevens. The latter married Hebard James, of Jackson county, Missouri, and was known as Aileen Stevens James. The widow, Ellen S. Stevens, qualified as executrix in the probate court of Jackson county, Missouri. The deed from William Stevens to Edward A. Stevens could not be found after the death of the latter. Thereupon, said Ellen S. Stevens, individually, and as executrix aforesaid, Wm. P. M. Stevens, Aileen Stevens James and her husband, brought suit in the

circuit court of Clay county, Missouri, against the heirs at law of William Stevens, to have said lost deed restored. The petition was in two counts. In the first, the court was asked to ascertain and determine the interest and title of all the parties, plaintiffs and defendants, and to enter a decree adjudging such titles and interest, etc. In the second count plaintiffs prayed the court to enter an order and decree restoring the lost deed from William Stevens to Edward A. Stevens, and to divest the defendants in said action of any interest or title they might have by record in and to said property, and to vest the same in said Ellen S. Stevens, etc.

Among other defendants to that suit were Fannie D. Stevens and O. H. Stevens here husband, who appeared by attorney, F. Titus, the plaintiff in the case at bar, and filed an answer on November 7, 1904. Fannie D. Stevens and her husband O. H. Stevens thereafter filed a cross-bill in partition, on the 20th of February, 1905, in which said defendants, as plaintiffs in the cross-bill, appeared by F. Titus, as counsel and attorney, and asked the court to sell the land in controversy and partition the proceeds, as it could not be divided in kind between the parties, and to allow $100 as attorney's fee on account of the cross-bill. The North Kansas City Development Company, to whom Stillman L. Shaffer had assigned the aforesaid contract of purchase with Edward A. Stevens, and then in possession of said land, was made a party defendant in said suit and filed its answer, in which said answer it pleaded said contract and prayed for specific performance thereof. Final judgment was rendered in said suit. From this judgment, O. H. Stevens and Fannie D. Stevens appealed to the Supreme Court of Missouri. The appeal was heard, and the judgment of the lower court affirmed on March 31, 1909, in Division Number One, and is reported in 218 Mo. at page 708. The plaintiff in this case, as an attorney at law, ap-

peared for Oscar Hampton Stevens and Fannie D. Stevens in all the stages of that case. The plaintiff claims by, through and under Oscar Hampton Stevens and Fannie D. Stevens, by reason of the deed offered in evidence, dated November 1, 1902, which contains full covenants of warranty, etc., but which was not recorded until the 5th day of April, 1909, after the Supreme Court had affirmed the judgment of the lower court, on March 31, 1909. *At the date of the execution of this deed to plaintiff, Stillman L. Shaffer was in possession of the land, under his contract with Edward A. Stevens.* He and this defendant have been in continuous possession of the land in controversy ever since the third day of January, 1902.

On May 10, 1909, after affirmance of said cause in this court (218 Mo. 708), Ellen S. Stevens, William P. M. Stevens, Jessie H. Stevens, Aileen Stevens James and Hebard James, heirs, etc., of Edward A. Stevens, all of Jackson county, Missouri, conveyed by warranty deed to the defendant herein, said east half of the southeast quarter of the northeast quarter of section 23, etc., subject to the rights of way of the Chicago, Burlington & Quincy Railroad Company, the Wabash Railroad Company and the Union Depot Bridge and Terminal Railroad Company, for the expressed consideration of $7,709.88.

Upon the record thus made, appellant, at the commencement of his brief, tersely states the issues involved, as follows:

"First: Does the evidence disclose legal title to the land involved, in the appellant as plaintiff?

"Second: Is such legal title defeated by an alleged 'privity' arising out of an employment of plaintiff by certain defendants in a former cause affecting the title to a tract of which the land herein sued for is a part?"

I. This suit was commenced on October 7, 1910. Section 2535, Revised Statutes 1909, was then in full force and effect. In view of the pleadings, the evidence and the entire record in the case, the trial court properly treated the action as one in equity, and disposed of it accordingly. The defendant had been compelled to litigate with plaintiff's grantors, in the case of Stevens v. Fitzpatrick, supra, practically all of the questions involved in this litigation, and with the present plaintiff as attorney of record for said Oscar H. Stevens and his wife. In other words, this plaintiff, with an unrecorded warranty deed containing general covenants of warranty from Oscar H. Stevens and wife to the land in controversy, was attempting through his grantor to defeat the right of Edward A. Stevens's heirs to have restored their lost deed from William Stevens, the common source of title, made in 1889 to said Edward A. Stevens. With this deed restored, it left William Stevens without title to the land in litigation here, and likewise established the fact that Oscar H. Stevens and wife, by reason of the foregoing, had no title in said land to convey to this plaintiff. Defendant therefore had the right to invoke the provisions of said section 2535, Revised Statutes 1909, and to ask the court, as it did in its answer, to try the case as a proceeding in equity and to definitely determine the title, interests, etc., of the parties hereto, and to enter a decree accordingly. The suit was properly treated and decided in the court below as a proceeding in equity, and hence will be disposed of here in the same manner. [Chilton v. Metcalf, 234 Mo. l. c. 40; Hutchinson v. Patterson, 226 Mo. l. c. 182, and cases cited; Stone v. Perkins, 217 Mo. l. c. 601-2; Hudson v. Wright, 204 Mo. l. c. 423-4; Ball v. Woolfolk, 175 Mo. l. c. 285.]

II. Complaint is likewise made that the trial court erred in overruling plaintiff's motion to strike out a

*(Margin note: Ejectment: Equitable Defense: Sec. 2535, R. S. 1909.)*

Motion to Strike Out: Overruled: Reply: Waiver. part of defendant's answer. The motion is not only devoid of merit, but when overruled the plaintiff filed a reply, and hence waived his right to contest the ruling of the court upon said matter. [Ashton v. Penfield, 233 Mo. l. c. 417; Hanson v. Neal, 215 Mo. l. c. 277, and cases cited; Hudson v. Cahoon, 193 Mo. l. c. 557; Jones v. Railroad, 178 Mo. 528.]

The above ruling has no application when the petition or equitable answer fails to state a cause of action or grounds for equitable relief. Under such circumstances, the pleading may be attacked for the first time in this court. [Turner v. Hunter, 225 Mo. l. c. 84; Wilson v. Darrow, 223 Mo. l. c. 531; McQuitty v. Wilhite, 218 Mo. l. c. 591.] The answer, however, clearly states a good ground for equitable relief under section 2535, Revised Statutes 1909, and hence the ruling of trial court upon the motion aforesaid is sustained.

Unrecorded Deed: Innocent Purchasers. III. Appellant in his brief, in referring to the case of Stevens v. Fitzpatrick, 218 Mo. 708, said: "The record of that cause is filed herein as an aid to the court in the present cause and marked 'Exhibit A;' and as the court takes judicial notice of its records, nothing therein discloses that plaintiffs sought a comparison of titles," etc.

Referring to pages 32 and 33 of said Exhibit A, we find that the decree in the circuit court in the Stevens-Fitzpatrick case reads as follows:

"About the year 1889, said William Stevens duly executed, under his hand and seal, and acknowledged and delivered to the said Edward A. Stevens, during his lifetime, a good and sufficient deed, conveying said property to the said Edward A. Stevens; that said deed was received and accepted by the said Edward A. Stevens, and by him placed among his other papers, but the same was never recorded, and has become lost and

cannot be found, although diligent search has been made therefor by the plaintiffs herein; that, ever since the purchase of said land, as aforesaid, by the said Edward A. Stevens, the said Edward A. Stevens and his said heirs and devisees have been in possession thereof, claiming the same as their own, and paying taxes and making improvements thereon; that the said Edward A. Stevens and the plaintiffs herein, as his heirs and devisees, have been in the open, notorious, continuous, undisturbed and adverse possession of said land, claiming to own the same, for more than ten years next prior to the bringing of this suit; that, by reason of the failure of the said Edward A. Stevens to record said deed from said William Stevens to Edward A. Stevens, and the loss thereof, the record title to said property appears to be in the said heirs of the said William Stevens, deceased, when in truth and in fact, said defendants have no right, claim or title thereto.''

On page 34 of said Exhibit A, said decree, after reciting that Edward A. Stevens on *January 3, 1902,* entered into a written contract to sell the land in litigation here to S. L. Shaffer, further finds:

''That, upon the making and execution of the said contract for the sale of said land from the said Edward A. Stevens to Stillman L. Shaffer, the said Edward A. Stevens put the said Stillman L. Shaffer in the possession and control of said land, and the said Stillman L. Shaffer and the North Kansas City Development Company, his assignee of said contract, have been in the possession of said land ever since, occupying the same, and receiving all the emoluments and benefits thereof; that, subsequent to said contract of purchase and while in possession thereof, the said Stillman L. Shaffer assigned his said contract of purchase of said land to the defendant, North Kansas City Development Company, a corporation, and that in making said con-

264Mo16

tract of purchase, the said Stillman L. Shaffer was acting for and on behalf of said corporation.''

On page 35 of said Exhibit A, the trial court, after finding the facts aforesaid, ordered, adjudged and decreed that the said deed made by William Stevens to said Edward A. Stevens, dated about 1889, and covering the real estate in question here, ''be, and the same is hereby restored in full force and effect as if said deed, and the due acknowledgment thereof, had been, upon its execution and delivery to the said Edward A. Stevens, by him recorded in the office of the recorder of deeds of Clay county, Missouri; and it is further ordered, adjudged and decreed by the court that the title to the property, last above described, which appears of record to be in defendants herein, be, and the same is hereby, divested out of defendants herein and invested in Ellen S. Stevens, executrix of the last will of Edward A. Stevens, deceased.''

Ellen S. Stevens and the other heirs of Edward A. Stevens, on May 10, 1909, conveyed the land in controversy to the defendant in this action, and said conveyance was recorded June 12, 1909.

In Stevens v. Fitzpatrick, 218 Mo. l. c. 725-6, Judge Valliant, in concluding his opinion, in which the decree below was sustained, said:

''We agree with the learned counsel for appellant in his estimate of the character of evidence that the law requires to establish a case like the one presented in the plaintiffs' petition. This court in every case where it has had occasion to speak on the point has held the party asserting such a case to a very high standard of proof, and we have never been satisfied with proof that does not measure up to that standard. We think the plaintiffs in this instance have come fully up to that standard, and have proven their case beyond a reasonable doubt. The judgment is affirmed.''

We have carefully read the record in the above case in connection with Judge Valliant's opinion, and with-

out the slightest hesitation concur in the conclusions reached by him. The decree of the circuit court, which was affirmed by Judge VALLIANT, leaves Oscar H. Stevens and Fannie D. Stevens without any interest in the land here involved, and has left them in the same position they would have occupied had William Stevens never possessed the legal or equitable title to said land. Hence, Oscar H. Stevens and Fannie D. Stevens had no right, title, or interest in the real estate in controversy to convey to plaintiff on the 1st day of November, 1902, or at any other time.

Plaintiff's deed was dated November 1, 1902, and was never recorded until April 5, 1909. The decree of the Clay Circuit Court in the Stevens-Fitzpatrick case, supra, was made and entered of record on *November 16, 1905,* or more than three years before the plaintiff finally recorded his deed. Judge VALLIANT's decree was filed on March 31, 1909, which was likewise anterior to the recording of plaintiff's deed. Although plaintiff's grantors had no title to convey, he insists that with his warranty deed from the record owner he was an innocent purchaser for value, and should be protected accordingly.

IV. Does the record disclose plaintiff to be an innocent purchaser for value, or has he the legal title to the property in controversy? In view of the decree of this court in 218 Mo., supra, the case stands as though Edward A. Stevens in 1889 had received from his father, William Stevens, the common source of title, a deed to the land in controversy, but had not recorded the same up to the 1st of November, 1902, when plaintiff received his warranty deed of that date from Oscar H. Stevens, son of William Stevens, in which Fannie D. Stevens, his wife, joined. Plaintiff testified in reference to this matter: "That the conveyance in evidence was made and obtained in good faith by witness and for and upon a valuable consideration, *said grantors*

*being then indebted to witness,* and witness being without any knowledge or notice on his part of any claim by the plaintiffs in said action of Stevens v. Fitzpatrick, afterwards filed in this court, or by or from any other person or persons."

He also testified that he had an abstract of title made by a reputable attorney and abstracter, and that said abstract showed the title to be in William Stevens; that he relied upon such abstract and title, etc.

Neither plaintiff nor his grantors, Oscar H. Stevens and wife, were ever in possession of this land or any part thereof at any time, nor does it appear from the record that either of them ever at any time paid taxes or made any improvements on the land, or that either of them had ever even seen it. It does appear from the evidence that neither plaintiff nor any one for him made any inquiry of the persons in possession as to how they were holding, or as to whom they recognized as owner or landlord.

The record and decree in the Stevens-Fitzpatrick case show that Edward A. Stevens took possession of the land in 1889, and held possession of same until he contracted to sell it to Shaffer on *January 3, 1902.* Shaffer went into immediate possession of the land in controversy under his contract of sale. He and the defendant herein ever since said *3rd day of* January, 1902, have been in the exclusive possession of said premises, claiming to be the equitable owners thereof.

Exhibit A, above referred to, at pages 52 and following shows that on December 7, 1891, a tax judgment was rendered in the circuit court of Clay county, Missouri, in favor of John C. Brasfield, collector of the revenue of said county, against T. F. Frinke and William Stevens, for $7.15 and costs, on account of back taxes for the year 1888, due on the east half of the southeast quarter of the northeast quarter in controversy here. Said land was sold and a sheriff's deed made to William J. Courtney therefor, on December

10, 1892. This deed was duly acknowledged, and recorded on October 5, 1894. On page 57 of said Exhibit A, we find it recorded that plaintiffs, in the Stevens-Fitzpatrick case, supra, offered in evidence a quitclaim deed from William J. Courtney to Edward A. Stevens, conveying the land in controversy, dated February 12, 1896, and *recorded* March 19, 1896. Here then was a deed purporting to pass the legal and record title of William Stevens to Edward A. Stevens, in 1896, and which was duly recorded in the same year. It was on record when plaintiff got his deed on November 1, 1902. So the plaintiff not only had constructive notice by the deed aforesaid that Edward A. Stevens was the owner of the land, but with Edward A. Stevens and those claiming under him in the *actual possession thereof*, upon what theory can it be claimed that plaintiff was an innocent purchaser for value, when he received a deed from a grantor who actually had no title to the land? It would be a sad commentary upon our law if plaintiff could be declared an innocent purchaser for value under the facts disclosed by the foregoing records.

Edward A. Stevens had his tax deed on record. He and those claiming under him were in the actual possession of the land. Plaintiff was never in possession, nor did he ever make any inquiry of those in possession as to who owned or claimed the land. He has no standing in court, on the record as made, which entitles him to be classed as the legal owner of the property in controversy, or as an innocent purchaser for value. He never even recorded his deed until April 5, 1909, and that too after the affirmance by this court of the decree in the case of Stevens v. Fitzpatrick, 218 Mo., supra. Under the laws of this State, his claim as an innocent purchaser for value is absolutely devoid of merit. [Gulley v. Waggoner, 255 Mo. 613, 626; Adams v. Gossom, 228 Mo. 581, and cases cited; Rothenberger v. Garrett, 224 Mo. l. c. 198; Zweigart v. Reed, 221

Mo. l. c. 44, and cases cited; Stuart v. Ramsey, 196 Mo. l. c. 416, and cases cited; Shaffer v. Detie, 191 Mo. l. c. 393.] Plaintiff was not only not an innocent purchaser for value, but he acquired no title to the land in controversy, for the obvious reason that his grantors had no title to convey.

V. Was plaintiff Titus bound by the decree in the case of Stevens v. Fitzpatrick, on account of his *interest* in the subjcet-matter of said litiga-

Attorney in Prior Suit: Bound by Decree.

tion and the *relation* which he sustained to said controversy while acting as attorney of record for defendants Oscar H. Stevens and Fannie D. Stevens, his wife, from the inception to the conclusion of said litigation?

As heretofore suggested, Oscar H. Stevens and wife, on the 1st of November, 1902, had conveyed by warranty deed, with full covenants of warranty, the undivided one-third interest of the land in controversy, to the plaintiff Titus, and the latter's deed was never recorded until April 5, 1909. This deed from Oscar H. Stevens and wife purported to convey Oscar's interest in his father's estate. We have been unable to find any evidence in the record which indicates that Oscar H. Stevens and Fannie D. Stevens, his wife, ever owned, or had the legal right to convey, any other portion of the land in controversy. In the suit of Stevens v. Fitzpatrick, Oscar H. Stevens and his wife were joined as defendants *because plaintiff's deed was not of record* and they were presumed to claim whatever title they may have inherited at the death of William Stevens, who was the common source of title. The plaintiff in this action appeared as attorney of record for said Oscar H. Stevens and wife, and appears to have taken the entire control and management of their interest in said litigation. He filed an elaborate answer in their behalf, attacking the right of action set up by the plaintiffs in said cause. While the original an-

swer was on file, he prepared and filed a cross-bill for a partition of the land in controversy, in behalf of said Fannie D. Stevens and Oscar H. Stevens. He alleged that they were the *owners* of the undivided two-thirds interest in said land, but failed to mention who owned the *remainder*. He likewise failed either to state in his bill or to show by the evidence *where* his clients and grantors obtained any title to said undivided two-thirds interest. He alleged in said cross-bill for partition, that on account of the various interests, the property could not be partitioned in kind, and therefore asked to have it sold and the proceeds thereof divided between the parties according to their respective interests. He likewise asked, in behalf of his client, that an attorney's fee of $100 be allowed *him* for his services in the prosecution of said partition proceeding.

We are at a loss to understand what various interests were referred to in said cross-bill for partition. Plaintiff alleges that he owned the undivided one-third of said land, and if his grantors and clients, Oscar H. Stevens and wife, owned the other undivided two-thirds interest, what other interests were outstanding? It is therefore manifest that the right to partition this land depended upon the question whether Oscar H. Stevens and wife had *any* title in the land which warranted them in calling upon the court to have it partitioned or sold and the proceeds divided between the parties. The main *controversy* in that litigation was to determine whether William Stevens, the common source of title, and the father of Oscar H. Stevens, had deeded the land in controversy to his son, Edward A. Stevens, in 1889, and whether or not the deed thus made by William Stevens had been *lost* while unrecorded. It must therefore have been clear to plaintiff that his grantors and clients had no *standing* in court, on account of their interest having been conveyed to him. Again, it was obvious that if the *lost* deed to

Edward A. Stevens should be *restored,* it would *destroy* whatever title Oscar Stevens had of record as the heir of William Stevens.

*It is apparent from the record that plaintiff was attempting, in the name of his grantors, to litigate his own title with the heirs of Edward A. Stevens behind a masked battery, and if unsuccessful, as he was in that litigation, to open up a new proceeding as an innocent purchaser for value, as he has attempted to do in this case.* Plaintiff, with his long experience at the bar, must have known that, in a proceeding for equitable partition, the attorney representing the moving party in such action would be expected to bring before the court *all* the parties who had an interest in the land sought to be partitioned, and that he would *truthfully* set out, to the best of his knowledge, the interest of each owner. As plaintiff and his grantors signally failed to show, in the trial of said cause, that Oscar H. Stevens and his wife had *any* interest in the land sought to be partitioned at the time said cause was tried, then why did plaintiff *conceal* from the court his *own* title, and refrain from setting out and showing the interest, if any, which his grantors had therein?

We do not deem it necessary to prosecute this inquiry further. It is manifest upon the face of the record that plaintiff defended the above cause from start to finish while apparently as attorney of record for his grantors, yet as a matter of fact, in his own behalf. The record fails to show that his grantors had any substantial interest in the controversy after having executed the deed to plaintiff on the 1st of November, 1902. We are satisfied, from the record, that plaintiff had the entire control and management of said cause in behalf of his grantors, and that every step taken therein was for his own benefit and in defense of his own title. We therefore conclude that on the facts presented here the plaintiff is as much bound by the decree in the above cause as he would have been had he

been joined as a defendant in said action. [Wilson v. Drainage District, 257 Mo. 1. c. 283; Davidson v. Real Estate & Inv. Company, 249 Mo. 474, 503, and cases cited; Landis v. Hamilton, 77 Mo. 554; Strong v. Insurance Company, 62 Mo. 1. c. 299; Wood v. Ensel, 63 Mo. 193-4; Harvie v. Turner, 46 Mo. 1. c. 448; State to use v. Coste, 36 Mo. 437-8; Sturdivant Bank v. Huters, 87 Mo. App. 539-40; State ex rel. v. Barker, 26 Mo. App. 487.] The above authorities sustain the conclusion reached in respect to this matter.

The most casual reading of the record will disclose that the plaintiff herein, in the names of his grantors, took charge of the case and tried it as though he were joined as a party therein. He filed all the pleadings as attorney of record for his grantors; examined all the witnesses in the case, and finally appealed the cause to this court, where he likewise briefed the case in behalf of his grantors. If plaintiff's grantors had been successful in the Stevens-Fitzpatrick case, it would have established an important link in his chain of title. He could have accomplished no more in defending said action if he had been formally joined as a defendant therein. He has presented no meritorious reasons to this court for setting aside the decree below. On the record presented here, plaintiff is concluded by the decree in Stevens v. Fitzpatrick, which was affirmed by this court in 218 Mo., page 708 and following.

For the reasons heretofore assigned, the judgment below should be and is hereby affirmed. *Brown, C.,* concurs in result.

PER CURIAM.—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All the judges concur.