Billy Joe **LUTTRELL** and Patsy Joan Luttrell, (Plaintiffs) Respondents,

v.

**STATE HIGHWAY COMMISSION of Missouri,** (Defendant) Appellant.

No. 49508.

Supreme Court of Missouri,

Division No. 1.

May 13, 1963.

Robert L. Hyder, Wilkie Cunnyngham, Jefferson City, for appellant.

Vogel & Frye, Cape Girardeau, for respondents.

DALTON, Presiding Judge.

Defendant, State Highway Commission of Missouri, has appealed from an adverse judgment entered against it in an ejectment suit. The court held that plaintiffs were entitled to possession of specifically described real estate located in Cape Girardeau County, Missouri, except a small portion thereof which was said to lie within the boundary lines of an old road as it existed prior to January 9, 1956. The real estate from which the court ordered the defendant ejected was, in fact, certain highway right-of-way upon which, in the summer of 1956, the Commission had constructed and has since maintained supplementary State Highway "H", in Cape Girardeau County. The court also found that defendant had committed injury and waste whereby plaintiffs had been damaged in the sum of $100. The judgment provided that plaintiffs have and recover the possession of the described property, awarded plaintiffs $100 damages and assessed the costs against the defendant.

Appellant says that this court has jurisdiction of the appeal, because it contends that it had an easement for the construction and maintenance of the state highway upon the described real estate; and that the judgment of the court, in addition to giving money damages against defendant, ordered defendant ejected from the premises and "hence this action involves title to real estate," citing Article V, Section 3, Constitution of Missouri 1945, V.A M.S.

Respondents suggest that this court also has jurisdiction of the appeal under Article V, Section 3 of the Missouri Constitution, for the reason that the cause involves the construction of the Constitution of the United States, Amendment V, Amendment XIV, Section 1, and a construction of the Constitution of Missouri, Article I, Section 26, in that respondents contend that appellant has attempted to take their property in violation of the said constitutional provisions. There is no merit in respondents' contentions since no constitutional provision is referred to in any of the pleadings, and no constitutional issue has been properly presented or preserved. City of St. Louis v. Butler Company, 358 Mo. 1221, 219 S.W. 2d 372, 376.

While the jurisdiction of this court has not been questioned by either party, nevertheless, since this court is a court of limited and not general jurisdiction, it is our duty to determine whether this court has jurisdiction of this appeal. Gennari v. Norwood Hills Corp., Mo.Sup., 322 S.W. 2d 718, 720; Johnson v. Duensing, Mo.Sup., 332 S.W.2d 950, 953. We have reached the conclusion that it does not have jurisdiction of this appeal and that this cause must be transferred to the St. Louis Court of Appeals for determination.

Plaintiffs' petition, as filed in the Cape Girardeau Court of Common Pleas on the 18th of July, 1961, contained two counts, one in ejectment to obtain possession of specifically described real estate, with a prayer for monthly rents and profits in the sum of $100, for $1,500 damages and $100 per month rents and profits from and after the entry of judgment in the cause until possession be restored to plaintiffs, and for their costs. In a second count the plaintiffs sought to have the title to described real estate quieted and determined in them. Plaintiffs alleged that defendant claimed some right, title or interest in and to the premises described which was adverse to plaintiffs, and the precise nature and character of which was unknown, but was without merit or legal validity and constituted a cloud upon the plaintiffs' title to the premises described. Plaintiffs prayed judgment quieting the title to the described premises in them against all claims and demands of defendant or those claiming under defendant.

After a motion to dismiss for want of jurisdiction had been filed and overruled, the defendant filed an answer to count one and count two of plaintiffs' petition denying each and every allegation contained in each and all of the paragraphs of the petition not specifically admitted; alleged that defendant was the "alter ego of the State of Missouri in all matters pertaining to the location, relocation, reconstruction, improvement and maintenance of state highways," and that it was not liable in any ac-

tion for any alleged tort. It was further alleged that the real estate sought to be recovered was right-of-way for Route "H" in Cape Girardeau County on which the defendant had constructed permanent improvements for public highway use and that the public had been using this particular right-of-way since sometime in 1956. Defendant further alleged that it had obtained conveyances of said right-of-way from named persons for use of the State Highway Commission and that defendant had been required to spend very large amounts of money from the state road fund and that the making of said permanent improvements thereon was open, visible and publicized throughout Cape Girardeau County and other territory and was known to these plaintiffs and that at no time during or before said construction of said highway did anyone make any claim or suggestions to defendant that it had not acquired and did not have all of the right, title and interest in said right-of-way and lands necessary for the construction and maintenance thereon of said state highway.

Defendant also pleaded a five-year statute of limitations as a defense and alleged that plaintiffs' remaining land abutting said construction had been benefitted and its value increased so that the market value of the remaining land, after the construction of the improved highway, was greater than all the land claimed by plaintiffs before said construction.

The prayer of the answer was that defendant have judgment against the plaintiffs, and that plaintiffs' petition be dismissed with prejudice, and for costs.

As we read this answer it constitutes a general denial, a plea of nonliability for tort, a plea of estoppel in pais, a plea based upon a statute of limitations, a plea that conveyances had been obtained from named persons, a plea of no damages by reason of special benefits received and a prayer for dismissal with prejudice. Defendant did not ask for any specific affirmative equitable relief, nor ask that defendant's title or right

to an easement be established or that the right, title or interest of defendant in the premises be determined.

A jury was waived and the cause was tried to the court without the aid of a jury. At the close of all the evidence plaintiffs dismissed count two of their petition by which they had sought to have the title to the described real estate quieted and determined to be in them, and, in open court, plaintiffs waived all claims for monthly rents and profits from the real estate described in count one. Thereupon judgment, as hereinbefore stated, was entered.

The cause of action stated in count one of plaintiffs' petition was for ejectment and the judgment entered in favor of the plaintiffs decreed only the relief asked, to wit, possession of the premises and $100 for injury and waste suffered by plaintiffs. As stated, the answer of defendant did not pray for any affirmative relief nor do more than set up certain defenses and the judgment denied these defenses and granted the relief asked in the petition.

In the trial of the cause in support of the plea of estoppel in pais defendant offered evidence tending to show that defendant had made permanent improvements on the real estate in question at a cost of $75,931.70, exclusive of engineering costs, but, as stated, defendant's pleadings made no request for any affirmative relief either at law or in equity to determine title, nor did it ask judgment for any sum sufficient to give this court jurisdiction, and the judgment entered did not adjudge title but only the right to possession, and gave the money judgment for $100.

■ Ejectment is a possessory action. Wood v. Gregory, Mo.Sup., 155 S.W.2d 168, 170, 138 A.L.R. 142; City of St. Charles v. De Sherlia, Mo.Sup., 303 S.W.2d 32, 34. Defendant's answer had not asked an adjudication of title, as it might have done.

Davidson v. Eubanks, 354 Mo. 301, 189 S.W.2d 295[1], 161 A.L.R. 450; Reynolds v. Stepanek, 339 Mo. 804, 99 S.W.2d 65, 68; Titus v. North Kansas City Development Co., 264 Mo. 229, 174 S.W. 432; Hecker v. Bleish, 319 Mo. 149, 3 S.W.2d 1008, 1019 [17-19]. And see Domyan v. Dornin, Mo. App., 348 S.W.2d 360, where the judgment entered in the cause directly affected title to real estate.

After the plaintiffs dismissed the second count of their petition and the cause was submitted on count one, the action was solely one in ejectment in which no title relief was sought or granted. Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471, 476; Auldridge v. Spraggin, 349 Mo. 858, 163 S.W.2d 1042; Gibbany v. Walker, 342 Mo. 156, 113 S.W.2d 792, 794. When the cause was submitted to the court the title to real estate was involved only incidentally or collaterally and not directly so as to give this court appellate jurisdiction. Ballenger v. Windes, 338 Mo. 1039, 93 S.W.2d 882; Townsend v. Lawrence, Mo.Sup., 262 S.W. 2d 55; State ex rel. Edie v. Shain, 348 Mo. 119, 152 S.W.2d 174, 176[2]; Frederich v. Tobaben, Mo.Sup., 117 S.W.2d 251; Wakefield v. Dinger, Mo.Sup., 130 S.W.2d 490.

■■ Since the pleadings in this case did not, at the time the cause was submitted, request that title be determined to be in either the plaintiffs or defendant, and the defendant had filed no pleading asking judgment that defendant had an easement for highway purposes in the described real estate and, since the judgment entered did not attempt to adjudicate title within the meaning of Article V, Section 3, Constitution of Missouri 1945, this court has no jurisdiction of this appeal.

The cause is ordered transferred to the St. Louis Court of Appeals for determination.

All concur.