EDWARD W. MOORE v. C. F. HELVY, Appellant.

Division Two, June 20, 1911.

1. **EJECTMENT: Adverse Possession: Wrong Lot.** Adverse possession for ten successive years of lot one does not establish title by limitations to the east half of lot two.

2. ———: ———: ———: **Succession: Taking Possession.** Even if the evidence shows adverse possession for ten years of lot one, and defendant buys lot one from the possessor and enters into possession of the east half of lot two less than two years prior to the filing of the suit in ejectment therefor, he fails to show that he succeeded to the rights of the possessor of the east half of lot two, or any privity of interest between himself and his grantor, even though in fact his grantor had then been in possession of the east half of lot two for ten years. Under a deed conveying to him lot one, with no showing of any mistake in the description, the grantee therein cannot tack his own possession of the east half of lot two to his grantor's possession of the east half of lot two.

Appeal from Reynolds Circuit Court.—*Hon. Joseph J. Williams,* Judge.

AFFIRMED.

*S. L. Clark* for appellant.

(1) Under the undisputed facts in evidence, appellant and those under whom he claimed the lands in controversy, had been in the actual, visible, continuous and adverse possession of the lands for more than ten years before the institution of the suit, and it was error to refuse appellant's declaration of law. Warfield v. Lindell, 38 Mo. 561; Scruggs v. Scruggs, 41 Mo. 242; Nelson v. Brodhack, 44 Mo. 596; Watt v. Donnell, 80 Mo. 195; Farrar v. Heinrich, 86 Mo. 521; Ekey v. Inge, 87 Mo. 493; Scannell v. Soda Co., 161 Mo. 606; Kirton v. Bull, 168 Mo. 622. (2) The possession of appellant was a fact necessary to be alleged and proved upon the trial before respondent would be entitled to recover. The possession of appellant was admitted

Moore v. Helvy.

by the answer and the proof showed that he was using the land in the same manner that those under whom he claimed had been using it since the year 1891, and that that use continued up until 1903, the time of the bringing of the action. Respondent's action was, therefore, barred by the ten-year Statute of Limitations. Respondent will not now be heard to say that the possession was not had of the land sued for, since, if there was no possession, there was no cause of action, if there was no possession, then the action was barred. Sell v. McAnaw, 138 Mo. 267; Clarkson v. Stanchfield, 57 Mo. 574. And this possession need not be taken in good faith, if there was an intent to claim and possess the land. Bladley v. West, 60 Mo. 33; Wilkerson v. Eilers, 114 Mo. 245. Nor, need the possession be based upon recorded instruments. Land Co. v. Hays, 105 Mo. 143.

*James F. Green* for respondent.

(1) Possession, in order to avail as a defense, must be of the land in controversy and must have been continuous for the statutory period. Hunter v. Wetherington, 205 Mo. 284; Lumber Co. v. Rogers, 145 Mo. 445; Harrison v. Kachelin, 23 Mo. 117; Tayon v. Ladew 33 Mo. 205. (2) There is no evidence that the possession of defendant was hostile to the legal title. Mere possession does not create title by limitation, unless open, notorious and adverse under claim of ownership or color of title. Crowl v. Crowl, 195 Mo. 347; Sell v. McAnaw, 158 Mo. 471; Adkins v. Tomlinson, 121 Mo. 487; Stevenson v. Black, 168 Mo. 549; Moore v. Harris, 91 Mo. 616.

KENNISH, P. J. —This appeal is prosecuted from the circuit court of Reynolds county in an action of ejectment for the possession of the east half of lot number two of the northeast quarter of section one, township tweny-nine, range two east, in said county.

From a judgment in favor of the plaintiff the defendant appealed to this court.

The only question presented by appellant for review is the correctness of the finding and judgment of the trial court upon the evidence adduced in support of the defendant's claim of title by adverse possession. The plaintiff was the record owner of the land and was entitled to recover the possession thereof unless the defendant had obtained title by adverse possession.

The defendant took possession of the land in question on February 23, 1903, under a deed from Hiram Coleman, and remained in possession until the filing of this suit in 1904. On March 4th, 1899, Att Miller and Ann Miller, his wife, by quitclaim deed, conveyed lot *one,* of the northeast quarter of said section to Hiram Coleman and T. B. Miner. On May 14, 1900, Miner and wife made, executed and delivered to Coleman a quitclaim deed purporting to convey to him the east half of lot number *two* of the northeast quarter of said section. From March 4, 1899, to May 14, 1900, Miner was in possession of the east half of lot two; from May 14th, 1900, until February 23rd, 1903, Coleman was in possession.

The defendant claimed that Miller was in adverse possession of the east half of lot two from 1891 or 1892 until the conveyance was made by him to Miner and Coleman in 1899. In order, therefore, to support defendant's claim of title by adverse possession it was necessary to show that the defendant and Coleman, Miner and Miller, under whom defendant claimed, had continuously held adverse possession of said east half of lot two for ten years prior to the institution of the suit. For that reason the correctness of the ruling of the trial court depends upon two questions, namely: First, Did the evidence show that Miller had held adverse possession of the east half of lot two for the period claimed by the defendant? Second, If Miller did

hold such possession during that period, did the evidence show that the defendant had succeeded to his rights and his possession, so that the possession of Miller, Miner, Coleman and the defendant would all operate in favor of the defendant and vest the title to the land in him by adverse possession?

Hiram Coleman, who was called as a witness by the defendant, testified, concerning the alleged possession of Miller, substantially as follows: I have been acquainted with the land Cyrus Helvy owns for about twenty-five years. Was acquainted with the land in 1892. Att Miller was then in possession of it. He sold the land to me and I took a deed for it. He was in possession of the land for some time before I bought it, but I can't say exactly how long. He put an orchard on the land and built a house on it. That house is supposed to be on this forty that is named in this suit. It was built to be on this forty. I don't know that I can describe the forty in dispute. This house is on the east half of lot *one* of the northeast quarter of section one, township twenty-nine.

John Charton, another witness for the defendant, testified substantially as follows: I am acquainted with the land in controversy and knew the land about 1892 and 1893. Att Miller was in possession of it about that time. I think he was in possession in 1891. In the fall of 1893 he put a house on it and I helped him build it. That house is supposed to be on the land in controversy. That is where it was intended to be put. After he built the house Miller was in possession until he sold it to Tom Miner. I am well acquainted with the land. Miner sold it to Mr. Coleman. Miner was in possession of it at that time. Coleman took possession, made one crop on it and then moved off. He sold it to Mr. Helvy. I don't know where this forty is according to law. I didn't see the lines run when the land was surveyed by the county surveyor.

The defendant also introduced in evidence a deed

from Miller and wife to Coleman and Miner, conveying lot one of the northeast quarter of said section.

The foregoing was all the evidence offered by the defendant as to Miller's alleged possession of the land in controversy or as to defendant's succession to the possession and the rights of Miller.

In our opinion the court did not err in holding that the defendant had failed to show title by adverse possession. The testimony of Coleman shows that the improvements made by Miller were upon a different tract of land, namely, the east half of lot one. Charton's testimony shows that the land concerning which he testified as having been in Miller's possession was the land on which Miller built the house, and that was shown by the undisputed testimony of Coleman to be the east half of lot one. Another significant fact bearing upon Miller's alleged possession of the east half of lot two is that Miller, in the deed to Coleman and Miner, conveyed lot one, upon which he had built the house, and not the east half of lot two that is in controversy in this case. As this deed and the testimony of the two witnesses above referred to was all the evidence offered by the defendant to show the alleged adverse possession of Miller, we do not see how the trial court could have found otherwise than that the defendant had failed to show adverse possession by Miller of the east half of lot two during the period of time in question.

We also think the trial court properly held that the evidence failed to show that defendant had succeeded to Miller's alleged possession, so far as it concerned the east half of lot two. The only evidence offered on this point was the deed made by Miller, in which he conveyed lot one to Coleman and Miner.

In order for the defendant to avail himself of Miller's possession, by tacking the possession of himself, Coleman and Miner to that of Miller, it was not necessary to prove that they had received possession

from Miller under a deed or other written instrument. [Menkens v. Blumenthal, 27 Mo. 198; Crispen v. Hannavan, 50 Mo. 536.] But when the only evidence offered, in any way tending to show defendant's succession to the prior possession of Miller, was a deed from Miller, purporting to convey a different tract of land, with no evidence that there was any mistake in the description in that deed, and with no explanation as to how the defendant claimed to be in privity with Miller and to succeed to his possession under that deed, it cannot be said that the trial court erred in finding that the defendant had failed to show that he was in privity with Miller as to the alleged possession of the latter.

In the case of Adkins v. Tomlinson, 121 Mo. 487, both of the questions involved in this appeal were presented to this court for adjudication, namely, whether the evidence showed that one under whom defendant claimed had been in possession of the land in dispute, and whether the evidence showed that the defendant had succeeded to the alleged prior possession of the one under whom he claimed. This court in passing upon the question of the defendant's alleged succession to the possession of another, l. c. 494, said; "Not only this, the evidence does not show that the defendant ever succeeded to such prior possession. Under such circumstances the possession of defendant could not be tacked to the possession of previous holders with which he had no connection. 'There must be privity of grant or descent, or some judicial or other proceedings which shall connect the possessions, so that the latter shall apparently hold by right of the former.' [Crispen v. Hannavan, 50 Mo. 536.]"

For the foregoing reasons we are of the opinion that under the evidence adduced at the trial the judgment was clearly for the right party and should be affirmed. It is so ordered.

*Ferriss* and *Brown, JJ.,* concur.