Margie Lee Roberts **BUTLER**, Appellant,

v.

Hubert **TRINKLE** and Judith Trinkle, his wife, Respondents.

No. 55961.

Supreme Court of Missouri,
Division No. 2.

Feb. 12, 1973.

---

    James P. Roach, Camdenton, for appellant.

    Hugh Phillips, John E. Parrish, Phillips & Parrish, Camdenton, for respondents Hubert Trinkle et ux.

HENLEY, Judge.

    This is an action between the owners of adjoining lots to determine the title to a

strip of land ten feet wide on defendants' lot adjoining their common boundary. Trial to the court without a jury resulted in judgment for defendants, from which plaintiff has appealed. This appeal was properly pending in this court on January 1, 1972; therefore, we retain jurisdiction as required by the schedule (§ 31) to the 1970 amendment of Article V, Constitution of Missouri, V.A.M.S. We affirm.

Plaintiff is the record owner of Lot 13 in Malibu Subdivision in Camden County which lot faces north on Malibu road and runs south downgrade approximately 200 feet to the shoreline of the Lake of the Ozarks. Defendants are the record owners of Lot 12, which adjoins Lot 13 on the east. The property in dispute is the west ten feet off of Lot 12 running from Malibu road south to the shoreline, which property, plaintiff asserts, she and her predecessors in title have used as a driveway claiming to own the same for more than ten years before this suit was filed.

Plaintiff contends that the court erred in entering judgment for defendants, because, she says, her evidence was undisputed and conclusively established all the elements necessary to acquire title by adverse possession. Defendants contend, on the contrary, that plaintiff failed to sustain her burden of proof and, therefore, the court properly entered judgment in their favor.

"The principles of law governing the issue upon which this case turns are conceded; that is, the elements requisite to establish title by adverse possession are these: '(1) That the possession must be hostile; that is, under a claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous. The burden of proof as to each of these elements is upon the person asserting title through adverse possession.' State ex rel. Edie v. Shain, 348 Mo. 119, 152 S.W.2d 174, 176; Bell v. Barrett, Mo., 76 S.W.2d 394, 397. The question then becomes simply that of the effect of the proofs adduced * * *. This being

a court-tried case, it is to be reviewed 'upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.' Sup.Ct. Rule 73.01(d), V.A.M.R." Carlisle v. Keeling, 347 S.W.2d 191, 194–195 [1, 3] (Mo. 1961).

The action was filed March 7, 1969, and was tried one year later. Plaintiff acquired title to Lot 13 from Phillip R. Osborn on January 10, 1966, who acquired title thereto from George Roth on August 17, 1960. Mr. Roth acquired title from Cox Chemical Company on February 6, 1959. The record does not show when defendants acquired title to Lot 12 nor when their house was built on it, but it was still unimproved woodland " * * * grown up in brush" when plaintiff purchased Lot 13 in 1966.

There is evidence that a part of this ten-foot wide strip from Malibu road down to the shoreline of the lake has been used as a driveway since about the year 1958, but the part actually used, according to measurement by a surveyor, is only four or five feet wide on Lot 12 adjoining the line between the lots for a distance varying from forty to sixty-five feet south from the road and not to the shoreline. The plaintiff's evidence is weak and sketchy, but assuming, without deciding, that it would support a finding that since acquisition of Lot 13 by Phillip R. Osborn on August 17, 1960, he and his grantee, the plaintiff, believing that they owned the strip described by the surveyor, openly claimed to own and occupied and used it continuously and exclusively until defendants barred their way shortly before this suit was filed March 7, 1969, a period of eight years and seven months, there is absolutely no evidence that the use made of this strip by Osborn's predecessors in title before August, 1960, was adverse. Thus the period of assumed adverse possession is far short of the ten years required by § 516.010, RSMo 1969, V.A.M.S. Accordingly, we find, as did the trial court,

that plaintiff failed to establish title to the disputed tract of land by adverse possession for the statutory period before the suit was filed. Miller v. Warner, 433 S.W.2d 259, 262 [1, 2] (Mo.1968); Allen v. Wiseman, et al., 359 Mo. 1026, 224 S.W.2d 1010 (1949); Courtner v. Putnam, 325 Mo. 924, 30 S.W.2d 126 [7] (1930).

The judgment is affirmed.

All of the Judges concur.