JOHNSON COUNTY POST NO. 2513, VET-
ERANS OF FOREIGN WARS, INC., a
Missouri Corporation, Plaintiff-Respond-
ent,

v.

Joshua JACKSON and Odean Jackson,
Defendants-Appellants.

No. KCD 27169.

Missouri Court of Appeals,
Kansas City District.

Feb. 3, 1975.

Basil L. North, Jr., Kansas City, for defendants-appellants.

C. B. Fitzgerald, Warrensburg, for plaintiff-respondent.

Before WASSERSTROM, P. J., and SHANGLER and TURNAGE, JJ.

SHANGLER, Judge.

This is an action to determine and quiet title to certain real estate in Johnson County, Missouri. Trial to the court sitting without a jury on December 12, 1973, resulted in judgment for plaintiff, Johnson County Post No. 2513, Veterans of Foreign Wars, Inc., and defendants, Joshua and Odean Jackson, have appealed.

A schematic diagram showing the real estate of the plaintiff and the defendants, and the disputed real estate, follows, using the estimates of distance given by the defendants Jackson:

Plaintiff claimed title to Lots 178, 179 and 180, by a warranty deed dated August 12, 1970. Defendants claimed title to Lots 13, 14 and 15, by a warranty deed dated October 21, 1965. Plaintiff undertook to fence in all of its property and accordingly ran a survey to determine the exact location of the boundaries of its property.

The survey revealed that the deeds of plaintiff and defendants called for a common boundary line (depicted above), and that there was no encroachment by description. After the survey was completed, plaintiff became aware that defendants were claiming some interest in Lots 178, 179 and 180, and duly filed a petition to quiet title on May 10, 1973.

At trial the defendants claimed title to the strip of land represented by hatchmarks on the map. This area was west of an established fence (indicated by the broken line) and was estimated by defendant Joshua Jackson to be 35 feet wide. They claimed title to this strip by adverse possession, claiming that they and their predecessors in title had used the strip of land as a garden for at least 10 years.

In support of their claim defendants established that their predecessors in title had been the Bennetts (1965–1962), and the Etherns (1962–1908). Defense witness George Warden testified that he had owned Lots 178, 179 and 180 from about 1936 until about 1944, and that during his period of ownership the Etherns were living on adjoining Lots 13 and 14. He testified that for a year or two the Etherns tilled a little garden on Lots 179 and 180. Defendant Joshua Jackson testified that some people named Hardings were tenants of the Etherns and used the strip of land as a garden for a year or two; however, Jackson was not specific as to when the Hardings rented the property from the Etherns. According to defendant Jackson, he himself planted fruit trees on the strip of land in 1966, and planted a garden there in 1971. However, his immediate predecessor in title, the Bennetts, made no use of the strip of land whatsoever.

The trial court determined that defendants had not shown continuous, uninterrupted adverse possession of the strip of land for 10 years, and quieted title to Lots 178, 179 and 180 in plaintiff, as per its deed. The defendants contend on appeal that the evidence established that their predecessors, the Etherns, acquired title by adverse possession, and that this title was duly conveyed to them. This contention is without merit for two reasons: (1) defendants did not prove their predecessors, the Etherns, possessed the strip of land adversely for the required statutory period and (2) assuming arguendo that defendants' predecessors, the Etherns, acquired title to the strip of land by adverse possession, defendants failed to prove that of land.

In order to establish title by adverse possession, it must be shown that the possession was hostile, actual, open and notorious, exclusive and continuous and unbroken for the prescribed period of limitations. The burden of proof as to each of these elements is upon the person asserting title by adverse possession. Butler v. Trinkle, 490 S.W.2d 23 (Mo.1973); Miller v. Warner, 433 S.W.2d 259 (Mo.1968); Feinstein v. McGuire, 297 S.W.2d 513 (Mo. 1957). This court-tried case is reviewed upon both the law and the evidence as in suits of an equitable nature, and the judgment will not be set aside unless clearly erroneous. We give due regard to the opportunity of the trial judge to determine the credibility of the witnesses. Rule 73.-01(d), V.A.M.R.; Butler v. Trinkle, *supra*.

Hence, it befell defendants, asserting title to the strip of land by adverse possession, to establish all of the constitutive elements of that theory, among them, that the adverse possession was continuous and unbroken for the prescribed period of limitation. The evidence of defendants tended to show that the strip of land was used as a garden for two years by the Etherns, and for two years by their tenants, the Hardings. The record is silent as to the exact years these gardens were cultivated, and even if we assume they were consecutive, this would establish only a four year period of adverse possession, far short of the 10 years required by § 516.010, RSMo 1969, V.A.M.S. The judgment of the trial court based upon a finding that

there was no encroachment by deed description and that defendants had failed to show adverse possession of the strip of land for the required period of limitation, was not clearly erroneous.

Furthermore, even were we to assume that the Etherns had acquired title to the strip of land by adverse possession, defendants wholly failed to prove that they succeeded to the Etherns' title. "It is a well established rule of law that there must be a conveyance of property claimed by adverse possession of some act (by gift or otherwise) in order to effectuate a transfer of such property from the adverse holder to the grantee. Absent this, there can be and there is no transfer to the grantee of any right acquired by the grantor. . . . A conveyance by deed does not convey land held by adverse possession, not included in the deed, unless there is evidence or some circumstance showing that it was intended to be included." Lurvey v. Burrell, 317 S.W.2d 458, 461[2] (Mo.1958); 17 A.L.R.2d 1128, § 1. See also, Crane v. Loy, 436 S.W.2d 739 (Mo.1968).

■■■ In this case, defendants' reliance on their deed, which by its own terms did not convey the strip of land, was insufficient. Moore v. Helvy, 235 Mo. 443, 138 S.W. 481 (1911). Not only was the strip of land not expressly included in defendants' deed, but the record is totally void of any evidence tending to show that it was intended to be included. There is no evidence tending to show that this strip of land was conveyed to defendants by gift or otherwise. There is only the fact that the Etherns and their tenants cultivated a garden on the strip of land and that the defendants, some time later, planted fruit trees and cultivated a garden there. This avails defendants nothing, for "[a] mere sequence of possession in several grantors is insufficient, in the absence of proof or testimony, to show the grantors' intent to convey to the grantees land not expressly included in the descriptions in each of the several conveyances." Lurvey v. Burrell, *supra*, 317 S.W.2d at p. 461. Although a strong implication of an intent to transfer the whole tract of land ordinarily arises in cases where the claimed strip of land is enclosed with that expressly conveyed [See: Crane v. Loy, *supra*, Auldridge v. Spraggin, 349 Mo. 858, 163 S.W.2d 1042 (1942)], no such implication arises in this case. The strip of land claimed by defendants was not enclosed with Lots 13, 14 and 15, expressly conveyed to defendants. Indeed, just the opposite was true. The strip of land was largely separated from Lots 13, 14 and 15 by a fence.

The judgment for the plaintiff was for the correct party, and is, therefore, affirmed.

All concur.